NEW YORK BANK NOTE COMPANY, Appellant and Respondent, *v.* THE HAMILTON BANK NOTE ENGRAVING AND PRINTING COMPANY, Respondent and Appellant.

83 593
28ap418
83 593
38ap429

*Purchase of property with knowledge that the vendor has agreed. not to give an absolute title thereto — valid contract restricting trade — restraining the use of personal property — defect of parties.*

If a person purchases from another a printing press, having knowledge of the existence of a contract between the vendor and a third person whereby the vendor has agreed not to sell such presses except under certain restrictions, such third person is entitled to enforce his contract as against the vendee, and in an action brought for that purpose is not bound to make any tender.

Contracts prohibiting the use of personal property in a particular way are valid.

When in an action there exists a question as to the right of a corporation, not a party thereto, to confer title to its printing presses upon the defendant with. an absolute right to use the same for any purpose to which they are adapted,. and such right is assailed by the plaintiff, who applies for an injunction against. the vendee to restrain its use of the presses, such corporation is entitled to be· heard, and the question of its right to deal with its property as it sees fit cannot; be adjudicated upon without its presence where an objection that there is a. defect of parties is taken in time.

CROSS-APPEALS by the plaintiff, the New York Bank Note Company, and by the defendant, The Hamilton Bank Note Engraving and Printing Company, from portions of an interlocutory judgment

of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 17th day of November, 1894, upon the decision of the court rendered at the New York Special Term, sustaining the defendant's demurrer to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, adjudging that there is not a defect of parties defendant in the action, and overruling the defendant's demurrer made upon such ground.

*Edward P. Lyon*, for the plaintiff.

*W. L. Turner*, for the defendant.

Van Brunt, P. J.:

This action was brought to restrain the defendant from using the press bought by it from the Kidder Press Manufacturing Company so as to compete with the plaintiff in strip-ticket printing. The complaint alleged the organization of the defendant, and that the New York Bank Note Company, a corporation organized under and pursuant to the laws of New Jersey, on the 12th day of October, 1891, entered into a contract with the Kidder Press Manufacturing Company, whereby the Kidder Press Manufacturing Company, for considerations in said contract expressed, agreed not to sell any presses on which strip tickets might be printed. This restriction, however, was not to deprive the Kidder Press Company from selling its presses to be used for other purposes; and the Kidder Press Company further agreed not to make alterations or additions to any existing presses that would enable such presses to print strip tickets without requiring the parties owning such presses to make the same terms and agreements regarding the same as though they were new machines. The complaint further alleged that prior to the time of said contract, and at the time and subsequent to the making of the same, one C. E. Gray was the secretary of said New York Bank Note Company, and sustained towards it the most close and confidential relations; that he was familiar with the first press made by the Kidder Company for said New York Bank Note Company, and with such attachments, etc., and also with the provisions of the contract above referred to; that soon after the making of the contract Gray severed his connection with the New York Bank Note

Company and became associated with the defendant corporation and its vice-president and general manager; that the defendant by its officers conceiving the idea of duplicating said presses and of using said Gray, and the knowledge he had acquired in his confidential relationship with the New York Bank Note Company, respecting the said presses, their said attachments and the said strip-ticket printing business and contracts therefor, and well knowing the terms of the said contract between said Kidder Press Manufacturing Company and said New York Bank Note Company, and well knowing that said Kidder Press Manufacturing Company had no legal right to sell or furnish to the defendant or to any person a Kidder perfecting press, except in such manner as would prevent said press from ever being used with or without alterations for strip-ticket printing, procured said Kidder Press Manufacturing Company, in violation of the terms of its said contract with the said New York Bank Note Company, to sell, furnish and deliver to it, the defendant, a Kidder perfecting press of substantially the same pattern as the ones to which said Kidder Press Manufacturing Company had made said attachments for the New York Bank Note Company; and that defendant procured attachments to be added to the press in such way as to enable the defendant to print strip tickets on equally favorable terms with and in substantially the same manner as was done by the said New York Bank Note Company; and thereafter, and in the year 1893, with full knowledge of the rights of the plaintiff under said contract, procured another press, etc.

The complaint further alleged that on or about the 1st day of January, 1893, the plaintiff was organized under the laws of West Virginia, and succeeded to all the rights of the New York Bank Note Company by assignment, etc., and prayed an injunction restraining the defendant from using any of the presses which it acquired from the Kidder Company for the purpose of strip-ticket printing, etc.

The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that there was a defect of parties in that the Kidder Press Manufacturing Company had not been joined as a defendant in this action.

The court, upon hearing the demurrer, sustained the same upon the ground that it did not state facts sufficient to constitute a cause

of action, in that the plaintiff had not paid, or offered to pay, the value of the press furnished to the defendant, or at any rate had failed to tender a compliance with the terms of the contract upon its part, and overruled the demurrer as to the defect of parties.

We do not see upon what theory the plaintiff was bound to tender anything. If the defendant purchased from the Kidder Company the press in question, having knowledge of the contract between that company and the plaintiff's predecessors, whereby the Kidder Company agreed not to sell any presses except under restriction, it is difficult to see why the plaintiff is not entitled to enforce its contract. The result of the contract between the Kidder Company and the plaintiff's predecessor enabled the Kidder Company to give only a qualified title in the presses which it might produce. That company had by its contract agreed that its productions should be used only in a certain way, and when parties took those productions with knowledge of the restriction which accompanied the Kidder Company's title, the purchaser's title must necessarily have been affected the same as the seller's.

Independent of the acts in relation to the filing of chattel mortgages, if a party purchases personal property knowing that the same is mortgaged, can it be claimed that he would acquire a title relieved from the mortgage? It seems hardly necessary to discuss such a proposition. So in the case at bar, the defendant in this action knowing that the Kidder Company had no right or authority to sell its presses except with a restriction, which restriction the plaintiff had purchased, can it be said that in purchasing from the Kidder Company it acquired an absolute title relieved from such restrictions? Clearly not. The party purchasing under such circumstances takes the property burdened with the contracts made by its owner in reference thereto and which he had the power to make. Contracts prohibiting the manufacture of goods in certain localities are held to be valid; contracts restraining the carrying on of a trade or business within certain limits are held to be valid. Why not contracts prohibiting personal property from being used in a particular way? Is place different in this respect from method? It would not be argued for a moment that if the contract between the Kidder Company and the plaintiff had been that no Kidder presses should be used within the city of New York, such contract could

not be enforced against the persons purchasing such presses with knowledge of this contract. What difference in principle is there because it is not an absolute prohibition from using, but only from a particular use ? ]

It seems to be clear that the Kidder Company could place this restriction upon the use of its manufacture, and certainly, in respect to all persons buying with knowledge of this restriction, the plaintiff, for whose benefit it was made, would have a right to enforce the same.

The next question is in regard to the knowledge of the defendant of this restriction. It is alleged in this complaint as distinctly and as positively as any allegation therein contained. The allegation is that the defendant by its officers, " * * * well knowing the terms of the said contract between said Kidder Press Manufacturing Company and said New York Bank Note Company, and well knowing that said Kidder Press Manufacturing Company had no legal right to sell or furnish to the defendant, or to any person a Kidder Perfecting Press except in such manner as should prevent said press from ever being used, with or without alterations, for strip-ticket printing, procured said Kidder Press Manufacturing Company, in violation," etc. What more distinct allegation of knowledge could be made by the plaintiff than is therein contained ? It is true the allegation is accompanied by allegations with regard to Gray's instrumentality. But these are not qualifying words by any means. If true, they would show not only knowledge upon the part of the officers of the defendant, but a fraudulent design to evade the restrictions of which they had knowledge.

We think, therefore, that the complaint stated facts sufficient to constitute a cause of action ; and we know of no reason why the plaintiff should be required to pay anything to anybody because of the breach of its contract by the Kidder Company by the sale of these presses to the defendant, the defendant being fully aware of the existence of the contract.

The objection, however, in regard to the defect of parties seems to have a better foundation. The question involved, amongst others, is as to the right of the Kidder Company to confer a title upon the defendant of its presses with an absolute right to use the same for any purpose for which they were adapted. When this

right is assailed, as it is by the plaintiff's action in this proceeding for an injunction against a vendee of the Kidder Company, it seems to us that that company is entitled to be heard; and that the question of its right to deal with its property as it sees fit cannot be adjudicated upon without its presence, where the objection is taken in time as it is in the case at bar.

For these reasons we think that the demurrer should have been sustained upon the ground of defect of party.

The judgment, therefore, should be reversed so far as it holds the complaint defective as to facts, and also so far as it holds the complaint sufficient as to parties, without costs of this appeal to either party; the plaintiff to be allowed upon payment of the costs of the court below to amend by bringing in the Kidder Press Company as a party, and serving an amended complaint.

O'BRIEN and PARKER, JJ., concurred.

So ordered.