(13 App. Div. 8.)

## GARRETT v. WOOD.

(Supreme Court, Appellate Division, Third Department. January 6, 1896.)

PARTIES—JOINT OWNERS OF LAND.

　　One of several joint owners of land may be sued alone for damages for the overflowing of adjoining land, as such action is for a tort.

Appeal from Albany county court.

Action by Lena Garrett against Bradford R. Wood for damages for a nuisance. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The complaint alleged that the defendant maintained a nuisance upon his premises, adjoining those of the defendant, namely, a pond of water formed by surface

drainage, from which the water overflowed and ran upon the lands of plaintiff, casting filth and water upon her lot, and into the basement and lower rooms of her house and buildings. The answer denied that the defendant was the sole owner of the premises, and alleged that the same were owned by the heirs at law of his late father, of whose will he was sole acting executor, but without giving the names of such co-owners, and alleged that his custody of the premises was as such executor, and denied maintaining any nuisance. Upon the close of the plaintiff's case the court directed a nonsuit, upon the ground that the other owners of the defendant's lot were not made parties. Other facts are stated in the opinion.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

B. R. Heyward, for appellant.
P. E. Dubois, for respondent.

LANDON, J. The objection that there was a defect of parties, not having been taken by answer or demurrer, was waived. Code Civ. Proc. §§ 488, 498, 499. Besides, the action was in tort, and plaintiff was at liberty to sue any one of the alleged wrongdoers, if there were more than one, which is by no means clear, under the evidence. The covenant in the deed from Bradford R. Wood, defendant's testator, under which deed plaintiff holds her lot, is as follows:

"The alleyway, eight feet, in the rear of the above-described premises, which is to be given by the said Wood, to be for the mutual benefit of the lots bordering thereon; said Judge agreeing, for himself, his heirs and assigns, to keep the said alley so conformed to the level of Colonie street that the lots on the west side of said alleyway can drain into and through the same to Colonie street."

The defendant's lot adjoins the alley on the west its entire length, the plaintiff's lot adjoins it for 42 feet on the east, and the lots of other owners also adjoin the alley on the east for 202 feet from the plaintiff's lot to Colonie street. The use of the alley seems to be granted to the plaintiff, and to the owners of the other lots adjoining the alley on the east; and the plaintiff ought to keep that part of the alley adjoining her lot so conformed to the level of Colonie street that the defendant's lot on the west of the entire alley can drain into said street, if the rest of the alley is unobstructed. We think it would be unreasonable to hold that she should keep the whole alley so conformed. Upon the evidence, we think it was a question of fact whether the injury from the overflow of water was caused by the omission of the defendant to take reasonable care of the lot of which he was part owner and had sole possession and control, and, if so, whether the plaintiff, by breach of her covenant, or by obstructing the alley, contributed to the injury which she sustained by such overflow.

Judgment reversed. New trial granted. Costs to abide the event. All concur.