NEW ENGLAND PHONOGRAPH CO. v. EDISON et al.

(Circuit Court, D. New Jersey. June 28, 1901.)

EQUITY—SUFFICIENCY OF BILL—MULTIFARIOUSNESS.

A bill which alleges that complainant was granted an exclusive license within certain territory by the owner of a patent for a valuable consideration; that one of the defendants succeeded to the ownership of the patent and the rights and responsibilities of the licensor under the contract; that such defendant owns and controls the other defendants, which are corporations; and that all the defendants, conspiring together for the purpose, have violated the contract by invading the territory of complainant.—states a cause of action for equitable relief, and is not demurrable on the ground of multifariousness.

In Equity. On demurrer to bill.

Howard W. Hayes, for the motion.

Elisha K. Camp and Louis Hicks, opposed.

GRAY, Circuit Judge. The allegations of the bill in this case are, substantially: That the North American Phonograph Company was a corporation organized and chiefly owned by Thomas A. Edison, one of the defendants, for the purpose of exploiting certain of his inventions relating to the phonograph. That the other defendants, the Edison Phonograph Company and the Edison Phonograph

Works, were also largely owned and controlled by the said Edison. That the North American Phonograph Company, prior to October 12, 1888, by conveyance and assignment from the said Edison, joined in by the said Edison Phonograph Company, Edison Phonograph Works, and one Jesse H. Lippincott, became the owner of the sole and exclusive right, title, and interest in and to certain patents of the defendant Edison appertaining to the phonograph. That, in consideration of the payment of $100,000 in cash, and other good and valuable considerations, the said the North American Phonograph Company, on October 12, 1888, invested the complainant the New England Phonograph Company with the sole and exclusive right to use and to sell phonographs and appliances therefor within the New England states for a term of 15 years. On the same date the defendants Edison, Edison Phonograph Company and Edison Phonograph Works, by an agreement in writing with the North American Phonograph Company, in all respects authorized, ratified, and confirmed the said contract between the said the North American Phonograph Company and complainant, and gave and executed guaranties, wherein and whereby they undertook and agreed to ratify, confirm, and respect the said exclusive contract. That the said defendant Edison afterwards became the president of the North American Phonograph Company, and obtained control thereof as its president and stockholder. That he and his co-defendants entered upon a plan or scheme by means of which they might deprive the complainant of the enjoyment and profits of the exclusive rights aforesaid, and divert the same to themselves. That the North American Phonograph Company, under the management of the said Edison, became hopelessly insolvent in 1894, and that a receiver was duly appointed by the chancellor of the state of New Jersey, by whom all its property and assets, including contracts with the complainant, were sold, and bought in by the said Edison, who conveyed a portion of them to the National Phonograph Company, one of the defendants herein, and a corporation alleged to have been formed by the said Edison in his own interest, for the purpose of taking title to and dealing in his said patents and inventions. That the other defendant corporations were also formed for the same purpose, and largely owned and controlled by the said Edison. It is then alleged that the defendants, conspiring together, as aforesaid, to injure the said complainant, invaded the territory within which the said exclusive rights had been conferred upon it, and sold and used, and caused to be sold, within the said territory, phonographs and supplies therefor, in direct contravention and violation of the said contract of October 12, 1888, and of the rights thereunder. That thereby irreparable injury has been done and is threatened to complainant, for which there is no adequate remedy at law. To the bill framed on these general lines the defendants have demurred, assigning as causes of demurrer: First, want of any equity in the bill, entitling the complainant to the relief sought; and, secondly, that the bill is multifarious.

I do not think that the demurrer can be sustained, but do not wish to express an opinion at large as to all the grounds urged in argument, either for or against the demurrer. To do so might prejudice

the case at final hearing. It will be sufficient to say, however, that the bill alleges a sole and exclusive grant to the complainant of the right to use and sell, etc., within the territory named. The instrument by which this exclusive right was conferred by the complainant is not set out in the bill. Profert, however, is made of the same, and, as the defendants have demurred without craving oyer, we must take the statements of the bill in regard thereto as correctly describing the purport of the said contract. In these it has been sufficiently alleged, at least for the determination of this demurrer, that the said contract contained an implied negative covenant not to sell or deal in the articles or matters in regard to which the said exclusive right was granted, and that the defendant Thomas A. Edison owned and controlled the defendant companies, and that he and they succeeded to the rights and responsibilities of the North American Phonograph Company in regard to the contract in question. This is not a bill for infringement of the patents under which complainant was a licensee, but is one that seeks to restrain those who are alleged to be acting under the original licensor from violating the negative covenants contained in said license contract. The allegations of identity of interest among the co-defendants and of general conspiracy are too positive and clear to be ignored. Whatever may be the result at final hearing of the attempt to support the allegations of the bill, the allegations themselves are of such a character as preclude the court from an allowance of the demurrer on the ground stated.

Neither do we think that the other ground, as to multifariousness, is of greater merit. The injury alleged is attributable to the joint action of all the defendants. The wrong complained of is a single one, and all the defendants are alleged to have participated therein.

For the reasons stated, the demurrer must be overruled.