NEW YORK PHONOGRAPH CO. v. NATIONAL PHONOGRAPH CO.

(Circuit Court, S. D. New York. January 2, 1902.)

EQUITY—BILL OF COMPLAINT—LICENSEE—VIOLATION OF RIGHTS—DEMURRER.

Plaintiff's bill alleged that he was exclusive licensee for the use and subletting of phonographs and sale of appliances therefor, covered by the Edison patents, throughout the state of New York, and that defendant was using and subletting phonographs and selling appliances therefor made by others connected with the licensors and bound by the terms of the license. The bill then set out the manner in which those supplying defendant were connected with and acting under plaintiff's licensors, and manner in which the license was violated. *Held*, on demurrer, that the bill shows an unjustifiable invasion by defendant of plaintiff's rights.

In Equity.

Elisha K. Camp and Louis Hicks, for plaintiff.

Howard W. Hayes, for defendant.

WHEELER, District Judge. A summation of the bill and of the contracts referred to in it, set forth on oyer, and admitted by the demurrer, shows that the plaintiff is an exclusive licensee for the use and subletting of phonographs and sale of appliances therefor, covered by numerous Edison patents, throughout the state of New York, to be made and supplied by the licensors, who were the owners thereof; and that the defendant is using and subletting phonographs and selling appliances therefor made by others connected with the licensors, and bound by the terms of the licenses, named in, but not made parties to, the bill, in violation of the license. The contracts of license out of which the exclusive rights arise are similar to those in New England Phonograph Co. v. Edison (C. C.) 110 Fed. 26; and this case is like that, except that there those making and furnishing the phonographs and appliances to the National Phonograph Company were also defendants, and that was set forth as a cause of demurrer for multifariousness. The difference relied upon between that case and this, as here understood, seems to be that there the defendants were acting together under the licensors, while here this defendant is said to be acting independently. Gray, circuit judge, there said:

"The allegations of identity of interest among the codefendants and of general conspiracy are too positive and clear to be ignored."

This bill after setting out a scheme to avoid the exclusive rights of the plaintiff in the state of New York, alleges that:

"Thomas A. Edison, the Edison Phonograph Company, the Edison Phonograph Works, and the National Phonograph Company, with full knowledge by them and by each of them of your orator's rights and privileges aforesaid, and in pursuance of said scheme, caused phonographs and supplies therefor embodying said inventions and improvements, patented and unpatented, to be manufactured by the Edison Phonograph Works, and the same to be sold by the National Phonograph Company and others within the state of New York, and to be sold elsewhere within the United States, with full knowledge that the same were purchased to be used within the state of New York; and the said defendants and each of them did sell and use and cause to be sold and cause to be used within the state of

New York phonographs and supplies therefor, with full knowledge of the exclusive rights and privileges aforesaid of your orat.r within the state of New York;" and that "Thomas A. Edison, the Edison Phonograph Company, the Edison Phonograph Works, and the National Phonograph Company opened and caused to be opened by the National Phonograph Company, in the city and county of New York, a large store for the sale and use within the state of New York of phonographs and supplies therefor, and thereupon said National Phonograph Company did sell and use and sell to be used within the state of New York phonographs and supplies therefor in knowing violation of your orator's exclusive rights and privileges aforesaid, and has continued so to do."

Edison, the Edison Phonograph Company, and the Edison Phonograph Works are those who were defendants there and are not here, and these allegations seem to well charge the same conspiracy here as there, and that the defendant here knowingly, in pursuance of the scheme, independently sells and uses and sells for use phonographs and supplies therefor within the state of New York, made and furnished by the others in violation of the exclusive licenses from the same original source, belonging to the plaintiff. This appears prima facie on this demurrer, by that authority and in reason, to be a known and unjustifiable invasion by the defendant of the lawful rights of the plaintiff.

Demurrer overruled, defendant to answer over by February rule day.