DANCEL et al. v. UNITED SHOE MACHINERY CO.

(Circuit Court, S. D. New York. January 16, 1903.)

1. PATENTS—ASSIGNMENT—ACTION AGAINST SUBSEQUENT ASSIGNEE—COMPLAINT.
   Where a complaint alleged an assignment of a patent by intestate to defendant's assignor in consideration of such assignor's agreement to pay intestate in each year, while the patent should remain in force, a certain annuity, and that defendant had succeeded to all the property of its assignor, including the patent, and had assumed all its obligations, which it fulfilled during intestate's life, but had since refused, but failed to allege any contract between intestate and defendant, it did not state a cause of action at law.

2. SAME—BILL IN EQUITY.
   Such allegations were sufficient to entitle plaintiff to a decree in equity for the payment by defendant of the amount due.

3. SAME—BILL IN EQUITY—DEMURRER—STATUTES—CONSTRUCTION.
   Rev. St. § 954 [U. S. Comp. St. 1901, p. 696], providing that no declaration, etc., in civil causes in any court of the United States shall be quashed for any defect or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof, and such court shall amend every such defect and want of form other than those which the party demurring so expresses, is not confined to civil cases at law, but extends to and includes suits in equity.

4. SAME.
   Under such section, where a complaint in an action removed from a state court was demurred to for want of facts, it could not be dismissed, because, when treated as a bill in equity, it did not contain the address, statement of citizenship, or proper prayer for relief, or because it was erroneously placed on the law docket; such objections being matters of form only.

On Demurrer.

J. Philip Berg, for plaintiffs.
Edward H. Childs, for defendant.

WHEELER, District Judge. This suit was brought in the state court, where proceedings at law and in equity are blended, and was removed by the defendant into this court, and entered upon the law docket. The ground of demurrer set down is "that said complaint does not state facts sufficient to constitute a cause of action."

The complaint well sets forth an assignment of letters patent No. 459,036 by the plaintiffs' intestate to the Goodyear Shoe Machinery Company, in consideration of which that company agreed to pay him in each year while the patent should remain in force $5,000 as an annuity; that the defendant has succeeded to all the property of that company, including this patent, and assumed all its obligations, including these payments, which it fulfilled during the life of the intestate, and has refused since; "wherefore plaintiffs demand judgment against the defendant in the sum of $8,749.94," with interest. These facts do not constitute a good cause of action at law, for there was no contract between the intestate and the defendant for a breach of which damages could be recovered. They do show, however, that upon the relations assumed by the defendant to the property and obligations involved the plaintiffs are entitled in equity to a decree for

the payment by the defendant to them of the amount due. They are not set forth in the nine orderly parts of a regular English bill according to the practice adopted by the Supreme Court, but only in a plain statement demanding judgment. But the Supreme Court, while requiring, by rule 20, an address to the judges and a statement of the names, abode, and citizenship of the parties, has granted liberty to omit the confederacy clause, the charging part, and the jurisdiction clause; has, by rule 21, allowed the option of stating and avoiding supposed defenses or excuses in the narrative part, and required a prayer of special relief asked and of general relief. All this complaint lacks of a good bill according to these rules is the address, statement of citizenship, and proper prayer for relief. The statement of citizenship is necessary in original bills where jurisdiction depends upon that. In removed cases it should appear, when required, in the petition for removal. This is the same both at law and in equity. The address and prayer are merely formal. The law provides (Rev. St. § 954 [U. S. Comp. St. 1901, p. 696]) that:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect or want of form, except those which, in cases of demurrer the party demurring specially sets down, together with his demurrer as the cause thereof; and such court shall amend every such defect and want of form other than those which the party demurring so expresses."

This is in the chapter relating to procedure in all classes of cases, and is not confined to civil cases at law, but extends to all civil cases, and includes equity cases, which are as well civil cases as law cases are; and it requires an adjudication upon this demurrer according to law and right, without reference to these defects. There is nothing left in the way of overruling the demurrer except that the case is on the law docket, from which it has been placed on a day calendar of equity cases and issues at law, among which it has been heard. This is one court of the same judges, whether dealing with law or equity cases. When this cause was removed to this court it was placed by the clerk, by the direction of the defendant's counsel, or of his own motion, on the law docket. This was immaterial, except as to future trial. The cause is in this court, and the question now is whether the complaint states a cause of action of which this court has cognizance. If on the wrong docket, it should be put on the right one. The position of the case on the law docket is a defect or want of form not set down with the demurrer, which the statute quoted directs the court to amend. It can be corrected by placing the case on the equity docket. The demurrer is in form a demurrer at law; but that is also a matter of form, likewise to be disregarded. It has answered all the purposes of a demurrer in equity; and to it the defendant is entitled to have rule 34, as to assignment for answer over, applied. This is not contrary to Goodyear Shoe Machinery Co. v. Dancel (decided by the Circuit Court of Appeals of this Circuit December 15th) 119 Fed. 692. That was a writ of error to review a judgment at law between these same parties, and the ques-

tion was whether there was error in that judgment, and not whether the case might have been transferred to the equity side of the court before trial.

The plaintiffs, when the cause was removed, might have proceeded to recast their bill according to the forms and requirements of equity cases in this court, which would seem to have been according to the more usual and better practice, and have brought the cause on to the equity side of the court, to be proceeded with there; but the defendant has not taken any advantage of the failure to take that course. It has only raised the question of the plaintiff's right to any relief.

Let the cause be transferred to the equity calendar, the demurrer be overruled, and the defendant is assigned to answer over by February 9th.