### NEW YORK PHONOGRAPH CO. v. JONES.

(Circuit Court, S. D. New York. April 30, 1903.)

1. EQUITY JURISDICTION—ENJOINING INTERFERENCE WITH CONTRACT RIGHTS—
   PARTIES.
   An exclusive licensee for the sale of patented articles within certain territory may maintain a suit in equity for an injunction against a third person, who with knowledge of the license is conspiring with the licensor to violate complainant's contract rights by selling the patented articles within such territory; and such suit being based on the tortious acts of defendant, and not upon any contract relation, neither the licensor nor any co-conspirator is a necessary party.

In Equity.   On demurrer to bill.

Louis Hicks, for plaintiff.

Robinson, Biddle & Ward (Howard W. Hayes, of counsel), for defendant.

HAZEL, District Judge.   This is a suit to enjoin the defendant from purchasing phonographs and supplies from either Thomas A. Edison, Edison Phonograph Company, Edison Phonograph Works, or the National Phonograph Company, from selling the same within the state of New York, and for an accounting.   No damages are sought for failure to carry out the territorial restrictions of the contract.   An action to recover on that contract might properly have been brought against the persons and corporations who were parties to the granting of an exclusive territorial right to buy and sell phonographs.   The gravamen of the bill of complaint, after charging a conspiracy by Mr. Edison and companies alleged to be under his control to avoid the contracts for licenses, is that the defendant, with knowledge of the complainant's exclusive territorial right to sell the patented phonograph and supplies therefor, violated those rights by purchasing phonographs from various companies and corporations controlled by Mr. Edison, and also from Mr. Edison individually, and selling them within the restricted territory.   The bill substantially alleges that such companies and corporations, parties to the conspiracy, derived their rights entirely from Mr. Edison, and therefore such conspirators, in legal effect, are complainant's licensors.   It is further set forth in the bill that the defendant, having knowledge of the acts of Mr. Edison and his companies, and of complainant's prior exclusive territorial right, committed specific wrongful acts in violation of such rights and privileges.   Such unlawful acts consisted in the payment of money as an inducement to another wrongdoer, the National Phonograph Company, to co-operate with the defendant to deprive the complainant of the aforesaid exclusive privileges, and the financial profit arising therefrom.   It is contended by the demurrant that the National Phonograph Company is a necessary party defendant, for the reason that this court cannot adjudicate upon the questions involved without the presence of the party whose contract right is assailed.   This contention appears to be without merit, although on the argument I was of the opinion that such was the rule.   The knowledge which is charged to the defendant of the contractual relations is the essence of the charge.   Defendant's part in a scheme or plan to injure the complainant by wrongfully inducing Mr. Edison and the companies controlled by him to sell phonographs to the defendant is the specific wrong for which redress is sought.   This is stated in the bill with reasonable fullness and particularity.   Under such circumstances, the rule is that a person receiving injury from the tortious acts of others has a remedy against one or all of the wrongdoers, and may enforce that remedy against one or all at his election.   In Garrett v. Wood, 13 App. Div. 8, 43 N. Y. Supp. 125, and Barrett v. Third Ave. Railroad Co., 45 N. Y. 628, it was held that a release of one or two or more tort feasors is the discharge of all.   The question of a defendant's liability under substantially similar facts as are here alleged has received careful con-

sideration by the Appellate Division, First Department, of the state of New York. N. Y. Bank Note Co. v. The Hamilton Bank Note, etc., Co., 83 Hun, 593, 31 N. Y. Supp. 1060; Id., 28 App. Div. 411, 50 N. Y. Supp. 1093. In Standard Fashion Co. v. The Siegel-Cooper Co. & I., 30 App. Div. 564, 52 N. Y. Supp. 433, Justice O'Brien stated the rule as follows:

"Where there was an exclusive contract between the plaintiff and one defendant, the plaintiff, as against the other defendant, who, with notice of the plaintiff's rights, had contracted with its codefendant, was entitled to relief upon the ground, not of any contractual relation, but that such other defendant had engaged knowingly in a plan or contract to wrong and injure the plaintiff."

In federal courts the precise question here involved has been considered. In New England Phonograph Co. v. Edison et al. (C. C.) 110 Fed. 26, Judge Gray held that a bill such as this was not "for infringement of the patents under which complainant was a licensee, but is one that seeks to restrain those who are alleged to be acting under the original licensor from violating the negative covenants contained in said license contract. The allegations of identity of interest among the codefendants and of general conspiracy are too positive and clear to be ignored." This decision was followed by Judge Wheeler in New York Phonograph Company v. National Phonograph Company (C. C.) 112 Fed. 822. The principle enunciated in these cases applies here. It is there held that the character of the alleged wrong is such as will, in a proper case, be restrained by a court of equity. Apollinaris Co. v. Scherer (C. C.) 27 Fed. 18, and cases cited. It appears to be reasonably well settled that the agreement of a predecessor in title, even where the title relates to personal property, follows the transfer, where such personal property is acquired with notice of the agreement. Murphy v. Christian Press Ass'n Pub. Co., 38 App. Div. 426, 56 N. Y. Supp. 597; Columbia Phonograph Co. v. Whitson (Ct. of App. D. C. April, 1901) 18 App. D. C. 565, 98 O. G. 418. The ground of demurrer that there is defect of parties, and that the bill lacks equity, is not tenable. The technical objections raised by the demurrer are overruled. The petition for removal of the case from the state court to this court undoubtedly declares the necessary diversity of citizenship of the parties. The address and prayer for relief, the failure to sign the bill by counsel, as required by rules 20, 23, and 24, are mere formal defects. A failure to comply with the provisions of the rules where the case has been removed to this court from the state court will not hinder a decision according to the right of the case. Act Sept. 24, 1789, c. 20, § 32, 1 Stat. 91 [U. S. Comp. St. 1901, p. 696]; Dancel v. U. S. Shoe Machinery Co. (C. C.) 120 Fed. 839.

Demurrer overruled, with costs. Defendant to answer within 20 days.