WLADISLAW LENKIEWICZ, Plaintiff, *v.* ADAM WIKTOREK, Defendant.

Supreme Court, Broome County, December 28, 1925.

Master and servant — wrongful interference with contract — complaint is sufficient which alleges contract of employment and agreement to care for plaintiff and abrogation thereof through willful and malicious advice of defendant — allegation of general damage is sufficient on present motion.

The complaint is sufficient in an action to recover damages for wrongful interference with a contract of employment, which alleges that the plaintiff entered into a contract with his son, whereby the latter agreed to employ the plaintiff as long as he should be able to work, and to thereafter care for him; that the defendant illegally, wrongfully and maliciously advised the plaintiff's son to abrogate the contract and to compel the plaintiff to leave the son's farm, and that the son did so abrogate the contract. The allegation that the contract was abrogated is a sufficient allegation of the discharge of the plaintiff from his employment, and the allegation that defendant's acts were wrongful and unlawful is a sufficient allegation that his acts were without legal right or justification.

An allegation of general damages is sufficient so far as the present motion to dismiss the complaint is concerned.

MOTION by defendant for dismissal of the amended complaint for insufficiency.

*George H. Zator,* for the plaintiff.

*Tillapaugh & Relihan,* for the defendant.

RHODES, J. The gist of the action is for damages alleged to have been caused by the wrongful act of defendant in inducing a third party to breach a contract of employment by reason of which breach plaintiff was discharged from said employment.

The complaint alleges, in substance, that in May, 1917, plaintiff entered into an agreement with his son whereby plaintiff paid to his said son the sum of $600 to be applied to and used as part of the purchase price of a farm; that in consideration thereof the said son undertook and agreed to employ plaintiff on said farm and in case plaintiff should be unable to support himself by reason of old age, to take care of and support him and upon his death to give him a Christian burial; that thereafter the defendant and said son entered into a conspiracy to illegally manufacture products in violation of the National Prohibition Act, which products defendant agreed to and did buy; that defendant requested plaintiff to join in said acts of conspiracy, which request plaintiff refused; that the presence of plaintiff upon said farm thereby became embarassing and dangerous to plaintiff and that, therefore, the defendant maliciously, willfully, wrongfully and unlawfully advised, counseled, told and influenced said plaintiff's son to abrogate and end the said agreement with plaintiff, and to get rid of and chase away said plaintiff from said farm, and that thereafter and in May, 1925, as the result and in consequence of said defendant's wrongful and unlawful advice and counsel the said son did abrogate and end the said agreement and ordered and told plaintiff to leave said farm and go to the county poor house; that plaintiff is sixty-nine years of age and that by reason of said acts on the part of defendant, plaintiff is without home and support and without employment, and is unable to support himself and is dependent upon public charity.

This being a motion testing the sufficiency of the complaint, every material allegation is deemed to be admitted and also every fact which can be fairly and legitimately drawn therefrom. (See *Lamb* v. *Cheney & Son,* 227 N. Y. 418, 420.) I think the complaint states a cause of action. It alleges a contract of employment, the terms of said contract to continue during the plaintiff's lifetime. It alleges influence and inducement by the defendant producing a breach thereof. Knowledge of the defendant of the existence of the contract may be inferred and implied by the allegations of the said complaint to the effect that the defendant told and influenced plaintiff's son to abrogate and end " the said agreement." The defendant having knowledge of the contract and having induced

its breach, such act is wrongful, and neither active, as distinguished from constructive, fraud, nor fraudulent misrepresentation, is any longer essential to the cause of action. (See *Gonzales* v. *Kentucky Derby Co.*, 197 App. Div. 277; affd., *sub nom. Gonzales* v. *Reichenthaler*, 233 N. Y. 607. See, also, *New York Bank Note Co.* v. *Hamilton Bank Note Co.*, 83 Hun, 593; 180 N. Y. 280.) The act is malicious when the thing done is with the knowledge of plaintiff's rights and with the intent to interfere therewith. (*Lamb* v. *Cheney & Son, supra.*)

Defendant insists that the complaint is insufficient for failure to allege that plaintiff was discharged from his employment. The complaint alleges that in consequence of defendant's acts the said son did abrogate and end the said agreement. Defendant also contends that the complaint is insufficient for failure to allege that defendant's acts were without legal right or justification. The complaint alleges that the acts were wrongful and unlawful. Defendant also objects to the complaint upon the ground that it fails to specify the damages alleged to have been sustained by the plaintiff. I do not think this is necessary upon a motion of this kind. The complaint alleges what has happened to him by reason of his wrongful discharge, and alleges general damages. It seems to me that this is sufficient for the purposes of this motion. If the defendant seeks more definite information as to the nature of the damages, he has his remedy either by motion for a bill of particulars, or by a motion that the complaint be made more definite.

The motion is denied, with costs.