JOSEPH J. SCHICKLER, Appellant, *v.* PENROD COMPANY, INC., and Another, Respondents.

First Department, March 2, 1928.

**Vendor and purchaser — assignments — rescission — action by assignee to rescind assignment of land contract based on fraudulent representations — error to dismiss complaint on theory that plaintiff was trying to rescind contract of sale — plaintiff is entitled to rescission for grounds stated if true — evidence of oral misrepresentations did not violate parol evidence rule — said question is res judicata — assignment may be rescinded on ground that defendant is foreign corporation doing business here without authority.**

This is an action by the assignee of a land contract against the assignor, the purchaser, to rescind the assignment. It was error for the court to dismiss the complaint on the theory that the plaintiff was seeking to rescind the land contract itself, for while the complaint does contain a prayer for the rescission of the contract, the whole theory of the action is to rescind the assignment because of certain alleged fraudulent representations made by the defendant. The prayer for rescission of the contract will be treated as surplusage.

The plaintiff alleges that the defendant fraudulently represented the amount of rent received from the property and fraudulently stated that there were no building restrictions for the locality where the property is situated. Both representations are material and if proven will justify the rescission of the assignment. The force of the representations as to building restrictions is not overcome by the fact that the land contract stated that the sale was made subject to building restrictions where none were specified therein.

The contention by the defendant that oral misrepresentations cannot be proven because to permit such proof would violate the parol evidence rule, and that the terms of the contract of sale must prevail, is without any force.

The parol evidence rule can be invoked only as between the parties to the land contract, and this action does not relate to that contract. This action sounds in fraud and evidence as to any representations prior to the perpetration of the fraud which induced the plaintiff to take the assignment were admissible as affecting the alleged fraudulent transaction.

This same question was passed on by the court on a motion to dismiss the original complaint and no appeal having been taken from the adverse decision on that motion, the question is *res judicata.*

First Department, March, 1928.        [Vol. 222

A good cause of action is stated in plaintiff's second cause of action wherein it is alleged that the corporate defendant is a foreign corporation doing business here without authority and that, therefore, the land contract which was assigned was unenforcible.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of July, 1927, and also from a judgment entered thereon.

Motion was made by defendant to dismiss for insufficiency under rule 106, subdivision 5, of the Rules of Civil Practice.

*Gustave B. Garfield* of counsel [*Maurice V. Seligson* and *Simon M. Sapinsky* with him on the brief; *Simon M. Sapinsky,* attorney], for the appellant.

*Ben. Miller* of counsel [*Joseph Glass* with him on the brief; *Olcott, Olcott & Glass,* attorneys], for the respondents.

MERRELL, J. The learned justice at Special Term, in granting defendants' motion, in a memorandum opinion, stated that plaintiff's demand for relief was vague; that there could be no rescission of the contract of sale because representations of the defendants could not affect its validity; that if the prayer for judgment were intended to be for rescission of the assignment alone a different situation might be presented. As to the plaintiff's prayer for rescission of the assignment, the court below held that the representations alleged to have been made were in conflict with the definite representations incorporated in the written agreement itself, and that those contained in the writing controlled. We do not think there is any vagueness whatever in the relief which the plaintiff sought. The plaintiff demands in his prayer for relief that the assignment to him of the contract of sale be rescinded and decreed to be null and void, and that upon such rescission the plaintiff have judgment against defendants and each of them for the moneys paid upon such assignment. It is true that, coupled with his demand for rescission of the assignment to him of the contract, the plaintiff asks that the contract itself be rescinded. Such demand may be disregarded as surplusage. The complaint nowhere alleges any facts upon which a rescission of the contract itself can be asked. The plaintiff was not a party to such contract. The only basis of rescission, under the allegations of the complaint, was of the assignment which the plaintiff alleges he was induced to accept, and under which he made the payments aforesaid, through the false and fraudulent representations of the defendants as to the rental obtained from the residence on the property in question during the summer season of 1925, and that the property was unincumbered by any building restriction, and that the plaintiff could thereon erect any sort of a structure for business purposes or

otherwise which he might desire. No other subject or basis for rescission is set forth in the complaint. As to the suggestion that the contract of sale provided that the premises were sold subject to building restrictions and regulations in resolutions or ordinances adopted by the board of estimate and apportionment of the city of New York and amendments and additions thereto then in force, the contract is silent as to the nature or indeed of the existence of any restrictions whatever. The allegations of plaintiff's complaint for the purposes of the defendants' motion are deemed to be admitted. (*Emanuel* v. *Walter*, 138 App. Div. 818; *Felt* v. *Germania Life Ins. Co.*, 149 id. 14, 16.) Plaintiff alleges in his complaint that the defendants represented to him prior to and at the time of the assignment of the contract of sale that any kind of a house, either private residence or hotel or boarding house, could be built on the property, and that the parcel in question constituted what was known in the city of Long Beach, N. Y., as "business property," and that there were no building restrictions of any kind with reference to the realty in question. Plaintiff surely had a right, in the absence of any statement in the contract of sale that there were building restrictions, to rely upon the truth of the representations of the defendants in this respect, and when the plaintiff learned that such representations were untrue and that there existed restrictions as to the use of the property, he had a right to rescind the assignment to him and to recover the moneys paid thereon. The false representation of the defendants that the property during the summer season of 1925 had rented for $3,600 was a material representation upon which the plaintiff had a right to rely. (*Kreshover* v. *Berger*, 135 App. Div. 27.). In that case Mr. Justice SCOTT, writing in a unanimous opinion of this court (at p. 28), said: "It is well settled that a representation as to the rentals which are derived from real estate is a material allegation as to its value, and if false, may lay the foundation for an action for damages." The falsity of the representation is alleged in the complaint, and must be taken to be true and furnishes ground for the rescission of the assignment.

As to the contention of the defendants, respondents, which apparently impressed the learned justice at Special Term that the plaintiff could not avail himself of the alleged oral misrepresentations because they violated the parol evidence rule and that the provisions of the written contract between the Oxford Building Corporation and the Penrod Company, Inc., must govern, we think there is no point whatever to such position. This action is not to rescind the original contract, and, indeed, the plaintiff gave notice of his intention to rescind the assignment to him and demanded

back the moneys in time to enable the defendants to protect themselves with the Oxford Building Corporation, with whom they were under contract for the purchase of the property. Plaintiff's action is to rescind the assignment to him by reason of a fraud perpetrated upon him inducing him to take the assignment and pay out his money thereunder. The action sounds in fraud and evidence as to any representations prior to the perpetration of the fraud which induced the plaintiff to take the assignment were admissible as affecting the alleged fraudulent transaction. Furthermore, the parol evidence rule can only be invoked as between the parties to the original agreement. It cannot be invoked as to the plaintiff, who was a stranger thereto. Furthermore, this matter seems to have been adjudicated upon a prior motion made by the defendants for dismissal of the plaintiff's original complaint. In deciding such application the court at Special Term held that as between the plaintiff and the defendants the parol evidence rule had no application. No appeal was taken from such decision, and that question is now *res adjudicata*. None of the transactions between the plaintiff and the defendants occurred prior to the making of the original contract, and the court below very properly held that there could be no rescission of said contract of sale. The transactions upon which the plaintiff seeks to rescind the assignment occurred after the execution of the contract of sale and prior to the assignment thereof to the plaintiff and plaintiff's payments upon such assignment. The plaintiff had a right to rely upon the statements and representations made by the defendants, not alone as to the rental received for the building upon the property, but also the representations of the defendants that the property was free from any restrictions as to the buildings to be erected thereon.

We are furthermore of the opinion that the plaintiff alleges a good cause of action in the second cause of action set forth in his second amended complaint, that the corporate defendant, a foreign corporation doing business in this State, has never been authorized by law to transact business in this State, and that the contract itself which was assigned to plaintiff was for such reason null and void and unenforcible by plaintiff or any one else.

For these reasons the judgment and order appealed from should be reversed, with costs, and defendants' motion denied, with ten dollars costs, with leave to the defendants to answer upon payment of said costs.

DOWLING, P. J., MCAVOY, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.