## INTERSTATE COMMERCE COMMISSION v. BLUE DIAMOND PRODUCTS CO.

### Civ. A. No. 1–27.

United States District Court
S. D. Iowa, W. D.

Oct. 11, 1950.

H. J. Simmons, Attorney, Bureau of Motor Carriers, Interstate Commerce Com., Kansas City, Mo., Wm. R. Hart, U. S. Atty., Iowa City, Iowa, for plaintiff.

Oscar E. Johnson, of Ross, Johnson, Northrup & Stuart, Council Bluffs, Iowa, for defendant.

SWITZER, District Judge.

The complaint in this action was filed by the Interstate Commerce Commission for an injunction restraining the defendant, a manufacturer of butter, from inducing and procuring motor carriers to transport property in interstate commerce by motor vehicles on the public highways for compensation, without said motor carriers having authority from the Commission to engage in such operations, all in violation of Section 206(a) and 209(a) of the Interstate Commerce Act, Title 49 U.S.C.A. §§ 306(a) and 309(a).

Defendant bases its motion to dismiss upon the following grounds:

1. As shown by the complaint herein, this court has no jurisdiction over the subject matter of this action.

2. The complaint herein fails to state a claim upon which relief can be granted.

3. As shown by the complaint herein, there is a failure to join indispensable parties.

Under Part II of the Interstate Commerce Act the regulation of transportation of property by motor carriers engaged in interstate or foreign commerce is vested in the Interstate Commerce Commission. The Act contains the following specific prohibitions:

Sec. 206(a) " * * * no common carrier by motor vehicle subject to the provisions of this part shall engage in any interstate or foreign operation on any public highway, * * * unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations: * * * " 49 U.S.C.A. § 306(a).

Sec. 209(a) " * * * no person shall engage in the business of a contract carrier by motor vehicle in interstate or foreign commerce on any public highway * * * unless there is in force with respect to such carrier a permit issued by the Commission, authorizing such person to engage in such business: * * * " 49 U.S.C.A. § 309(a).

The fundamental jurisdiction of the court to enjoin violations of Part II of the Act is provided by Section 222(b), 49 U.S.C.A. § 322(b), which reads as follows: "If any motor carrier or broker operates in violation of any provision of this part (except as to the reasonableness of rates, fares, or charges and the discriminatory character thereof), or any rule, regulation, requirement, or order thereunder, or of any term or condition of any certificate or permit, the Commission or its duly authorized agent may apply to the district court of the United States for any district where such motor carrier or broker operates, for the enforcement of such provision of this part, or of such rule, regulation, requirement, order, term, or condition; and such court shall have jurisdiction to enforce obedience

thereto by a writ of injunction or by other process, mandatory, or otherwise, restraining such carrier or broker, his or its officers, agents, employees, and representatives from further violation of such provision of this part or of such rule, regulation, requirement, order, term, or condition and enjoining upon it or them obedience thereto."

Defendant concedes the provisions of the statute above quoted from but states that by the plain reading of Sec. 222(b), actions in the United States District Courts by the Commission or their agents are limited specifically to the carriers themselves, or their brokers, or the respective officers, agents, employees and representatives of said carriers or brokers. Since this action is commenced against a shipper, who in this case is neither the carrier, the broker, or the agent, officer, employee or representative of either, defendant argues that the court should not properly have jurisdiction of the subject matter of the action.

The complaint alleges that the defendant —"was and is inducing and procuring motor carriers to transport shipments * * in interstate commerce by motor vehicles on public highways, for compensation, without said motor carriers having authority from the Commission to engage in such operations."

Obviously, the allegations of the complaint are sufficient to charge a number of motor carriers with transporting shipments in interstate commerce by motor vehicles on public highways, for compensation, without said motor carriers having authority from the Commission to engage in such operations which, insofar as the carriers themselves are concerned, manifestly constitute unlawful operations.

Section 2 of Title 18, U.S.C.A., provides that, whoever aids, abets, counsels, commands, induces, or procures the commission of an offense is a principal.

■ In federal criminal jurisdiction it is not necessary that the principal be first convicted before bringing to trial one charged with aiding and abetting. Beauchamp v. U. S., 6 Cir., 154 F.2d 413, certiorari denied 329 U.S. 723, 67 S.Ct. 66, 91 L.Ed. 626. The right to try a person who aids and abets the commission of an offense against the United States, in the absence of the trial or conviction of the principal actor, was decided many years ago in U. S. v. Gooding, 12 Wheat. 460, 475, 6 L.Ed. 693.

■ It follows therefore that since the defendant in this action may be prosecuted criminally for the violations alleged in the complaint, in the absence of the trial or conviction of the offending motor carriers, no good reason appears why this rule should not be applied with like force in a civil proceeding to restrain the same violations. Securities and Exchange Commission v. Timetrust, Inc., D.C., 28 F.Supp. 34, 43. See also State of West Virginia v. Adams Express Co., 4 Cir., 219 F. 794, at page 799, wherein the court said: "* * * But the doctrine is well established that one who, either from carelessness or design, habitually serves those who are engaged in pursuits either criminal or detrimental to the public interest as established by legislative enactment, should be restrained by injunction from rendering the nefarious service, even if that service be not criminal in the sense that statutory punishment is not prescribed for it, or even if the statute excludes the idea of punishment for it as an active and knowing participation in the principal crime. * * *" Further, in the same case, 219 F. at page 799, the court said:

"If the obstruction of commerce be a nuisance subject to the remedy of injunction, as was held in Re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092, surely the active perversion of commerce by conveying goods to be delivered in violation of law may be enjoined. The principle, which seems too plain for further elaboration, is thus stated in the case cited: •

"'Every government, intrusted by the very terms of its being, with powers and duties to be exercised and discharged for the general welfare, has a right to apply to its own courts for any proper assistance in the exercise of the one and the discharge of the other, and it is no sufficient answer to its appeal to one of those courts that it has no pecuniary interest in the mat-

ter. The obligations which it is under to promote the interest of all, and to prevent the wrongdoing to one resulting in injury to the general welfare, is often of itself sufficient to give it standing in court.'"

The reasoning of the courts, briefly cited from above, would seem to make it clear that this court must assume jurisdiction over the subject matter of this action and that the complaint herein does state a claim upon which relief can be granted.

■ Turning our attention now to the final ground set up by the defendant in its motion to dismiss, namely, that there was a failure to join indispensable parties in the action. It is true that Rule 19(a) and 19(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., require that all persons having a joint interest shall be made parties and join on the same side as plaintiffs or defendants, or that the reasons for nonjoinder of parties having a joint interest be pleaded. It is also true, that the courts have in many instances sanctioned the summary dismissal of a complaint where these rules were not complied with. Still, as stated in Sec. 512, Vol. 2, Federal Practice and Procedure, by Barron and Holtzoff, it is noted that—" 'there is no prescribed formula for determining in every case whether a person is an indispensable party,' the question obviously depends upon the nature and extent of that person's interest in the controversy. Indispensable parties are those who have such an interest in the subject matter that a final decree cannot be made without either affecting their interests or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. The test of indispensability therefore is whether the absent person's interest in the controversy is such that no final judgment or decree can be entered which will do justice between the parties actually before the court, without injuriously affecting the rights of others not brought into the action."

The difficulty with defendant's contention in this connection is that the motor carriers whom it is charged in the complaint have violated certain provisions of the Interstate Commerce Act have no joint interest in the subject matter of the suit. It is not they whom the plaintiff seeks to enjoin nor is it intended by this action that the substantive rights of said motor carriers be in any way adjudicated.

In Elmendorf v. Taylor, 10 Wheat. 152, 6 L.Ed. 289, a suit in equity to obtain a conveyance of lands held by the defendants, it was contended that certain other persons should be made parties to the suit. In this connection, Mr. Chief Justice Marshall in delivering the opinion of the court said, 10 Wheat. at page 166: "This objection does not affect the jurisdiction, but addresses itself to the policy of the court. Courts of equity require that all the parties concerned in interest shall be brought before them, that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself, and is subject to its discretion. It is not, like the description of parties, an inflexible rule, a failure to observe which turns the party out of court, because it has no jurisdiction over his cause; but, being introduced by the court itself, for the purposes of justice, is susceptible of modification for the promotion of those purposes."

■ In a suit to enjoin wrongdoers, the rule is that a person receiving injury from the wrongful acts of others has a remedy against one or all of the wrongdoers, and may enforce that remedy against one or all at his election. Rocky Mt. Bell Tel. Co. v. Montana F. of L., C.C., 156 F. 809, 811; New York Phonograph Co. v. Jones, C.C., 123 F. 197, 198.

In conclusion it should be noted that, as alleged in the complaint, the defendant, a shipper, has on numerous occasions induced and procured at least 13 motor carriers to engage in interstate operations without authority from the commission, in violation of the plain provisions of the Interstate Commerce Act; also, that the defendant will, unless enjoined, and restrained by the court, continue to induce and procure those and other unauthorized motor carriers to engage in such operations in violation of the statute. The Congress has devolved upon the Interstate Commerce Commission the duty of administering the Interstate Commerce Act. A situation such as is

here presented by the complaint is of serious and for reaching consequence and, if established by the evidence entitling it to relief as prayed, it will have acted in the highest sense in the preservation and in the interest of the general welfare. Indeed, a failure to stamp out such practices would amount to a dereliction of duty on the part of the Commission. The Clerk will therefore enter the following order:

The above entitled matter came on for hearing in open court at Council Bluffs, Iowa, on the motion of the defendant to dismiss the complaint herein, and the same having been argued and considered;

It is ordered that the said motion of the defendant be, and the same, is hereby overruled. Defendant excepts.