JEAN B. ARMSTRONG, Plaintiff, *v.* GIBSON & CUSHMAN, INC., et al., Defendants.

Supreme Court, Special Term, Suffolk County, April 4, 1952.

*William F. Clair* for defendants.

*John D. Armstrong* for plaintiff.

SWEZEY, J.  This is a motion to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice.

The complaint alleges three causes of action and is brought by an individual, namely, Jean B. Armstrong, plaintiff.

The first cause of action seeks an injunction restraining the defendants from conducting certain operations upon its premises because they are contrary to the zoning regulations applicable to said premises.

The second cause of action sets forth that said operations constitute a public nuisance and seeks a judgment decreeing that the defendant cease and desist in the continuance of such nuisance.

The third cause of action seeks a declaratory judgment that such operations are in their nature contrary to and against the provisions of the zoning resolution as it applies to the property of the defendant.

The " First " and " Third " causes of action are attacked by the defendant under rule 106 of the Civil Practice Act on the ground that they have not been brought by " the proper local authorities of the Town " or " any three taxpayers of the Town, etc." and that the alleged causes of action can be sued on only

by such parties pursuant to subdivision 2 of section 268 of the Town Law of the State of New York.

The defendant attacks the alleged " First " and " Third " causes of action under rule 107 of the Civil Practice Act on the same grounds and also attacks the alleged " Second " cause of action on the ground that it has not been brought by the proper authorities in that it alleges that defendants' operation of its business constitutes a public nuisance which is a penal offense under section 1530 of the Penal Law and an action to abate the same must be brought in the name of the People of the State of New York.

Resolved to its simplest terms the Notice of Motion is based on the claim that causes of actions " First " and " Third " must be brought by three taxpayers under subdivision 2 of section 268 of the Town Law and that the " Second " being for the abatement of a public nuisance which is a penal offense, must be brought in the name of the People of the State of New York.

The first question therefore is, is the provision of subdivision 2 of section 268 of the Town Law exclusive?

It has been held that where the personal or property rights of an individual has been injured, he may maintain an action to restrain the violation of a zoning ordinance. (*Rice* v. *Van Vraken,* 225 App. Div. 179; *Parkview Towers* v. *Nordheim,* 27 N. Y. S. 2d 268.)

Likewise it has been held that " The provision that an official of the village shall enforce the zoning ordinance does not prevent a private owner who suffers special damages from maintaining an action for redress." (*Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325, 333.)

Subdivision 2 of section 268 of the Town Law does not provide that the appropriate action or proceeding must be instituted by three taxpayers, it states that " any three taxpayers \* \* \* may institute such appropriate action or proceeding ". To hold that the action or proceeding must be instituted by three taxpayers might very well deprive one who had received serious injury as a result of the violation, from his right to redress. I do not think that this section of the Town Law can be construed in this manner. Rather it provides an additional remedy for the enforcement of the ordinance. Under the circumstances, it must be held that the provision of subdivision 2 of section 268 of the Town Law is not exclusive and the motion as to the " First " and " Third " causes of action is denied.

The second question is, can a public nuisance be abated in equity?

In *People ex rel. Bennett* v. *Laman* (277 N. Y. 368, 376) it is stated: " That a court of equity will not undertake the enforcement of the criminal law, and will not enjoin the commission of a crime is a principle of equity jurisprudence that is settled beyond any question. There can equally be no doubt that the criminal nature of an act will not deprive equity of the jurisdiction that would otherwise attach. (*Cranford* v. *Tyrrell*, 128 N. Y. 341; *Davis* v. *Zimmerman*, 91 Hun, 489, 492; *Matter of Debs*, 158 U. S. 564, 593.) Whether or not the act sought to be enjoined is a crime, is immaterial. Equity does not seek to enjoin it simply because it is a crime; it seeks to protect some proper interest. If the interest sought to be protected is one of which equity will take cognizance, it will not refuse to take jurisdiction on the ground that the act which invades that interest is punishable by the penal statutes of the State. Equity does not pretend to punish the perpetrator for the act; it attempts to protect the right of the party (here the People) seeking relief, and to prevent the performance of the act or acts, which may here injure many."

In view of the foregoing, the motion to dismiss the " Second " cause of action is denied.

I am also of the opinion that paragraph 24 of the complaint, taken in connection with the other repeated paragraph of the second cause of action is sufficient.

Settle order on notice.