■ PARAMOUNT PAD CO., INC., Appellant, v. HYMAN BAUMRIND et al., Respondents.

Appeal (1) from an order of the Supreme Court at Special Term, entered July 13, 1956, in New York County, which granted a motion by defendants Eastern Shoulder Pad Corp. and another for an order dismissing the second cause of action in the complaint pursuant to rule 106 of the Rules of Civil Practice, and (2) from an order of said court which granted a motion by defendant Hyman Baumrind for an order dismissing the second cause of action in the complaint pursuant to rule 106 of the Rules of Civil Practice.

*Per Curiam.* Defendant Baumrind is a former employee of plaintiff who, for a consideration, agreed not to use his " knowledge of the customers of plaintiff "

to sell products made by plaintiff; and agreed not to divulge names of customers and of buyers of such customers. The agreement was to endure three years.

The first cause of action is against Baumrind alone and no motion is addressed to that cause of action. The second cause of action, against all defendants, rests on allegations that the corporate defendant Eastern Shoulder Pad Corp., a competitor of plaintiff, and defendant Uchitel, an officer and controlling stockholder of Eastern, wrongfully induced Baumrind to breach his contract with plaintiff and hired Baumrind for this purpose; and that Baumrind did breach his contract.

The court at Special Term dismissed the second cause of action with leave to replead. In the form pleaded no separately actionable cause is stated against Baurind for entering into an agreement to breach his own contract or for inducing himself, as the allegation literally reads, to breach his own contractual undertaking. (Cf. *Labow* v. *Para-Ti Corp.*, 272 App. Div. 890.)

The pleading before us cannot be read to state a cause of action for prima facie tort, and the cause which seems to be pleaded is one for tortious interference with contractual obligations. The difference between the theories is illustrated in *Benton* v. *Kennedy-Van Saun Mfg. & Eng. Corp.* (2 A D 2d 27). The cause pleaded falls within a class of tort actions in which it is not essential to the sufficiency of the complaint to set up special damage. (Cf. *Lenkiewicz* v. *Wiktorek*, 126 Misc. 218.)

There is, however, no allegation as to the knowledge of the defendants, other than Baumrind, of the existence of the contract between him and the plaintiff and it is essential to this kind of action that knowledge of the agreement be possessed by those charged with inducing its breach (*Hornstein* v. *Podwitz*, 254 N. Y. 443). The inference that might be drawn from this pleading is not enough. The defendant Uchitel is not automatically shielded from personal tort liability by acting for the corporate defendant if he himself participated in the alleged inducement to breach the contract.

In asserting an exemption from liability because of his action as a corporation officer, defendant Uchitel seems to make the erroneous assumption that he is in the same position as an officer of a corporation that is breaching its contract.

We do not reach on this appeal the question of the validity of the contract between plaintiff and Baumrind.

The orders should be affirmed, with costs to the respondents.

Peck, P. J., Breitel, Botein, Valente and Bergan, JJ., concur.

Order granting, in branch, the motion of the defendants Eastern Shoulder Pad Corp. and Morris Uchitel to dismiss the second cause of action herein as against said defendants, and order granting, in branch, the motion of the defendant Hyman Baumrind to dismiss the second cause of action herein as against him, unanimously affirmed, with $20 costs and disbursements to the respondents.