Henry A. Hudson, J.
The defendants have moved pursuant to rules 106 and 107 of the Buies of Civil Practice to dismiss the plaintiffs’ complaint.
The action was instituted by the plaintiffs to obtain injunctive relief enjoining and restraining the defendants from constructing a dwelling upon a lot owned by the defendants which adjoins premises owned by the plaintiffs consisting of a house and lot. The plaintiffs allege that the defendants are constructing their dwelling in violation of the Zoning Ordinances of the City of Utica, being known as subdivision 3 of article 3 of the Zoning Ordinances of the City of Utica.
It is contended by the defendants that the plaintiffs should be relegated to an action for damages and that they have failed to set forth in their complaint allegations of damage sufficient to constitute a cause of action. The plaintiffs contend that they have no adequate remedy at law and that they will be damaged by reason of the fact that article 3 of the Zoning Ordinances for A-l single, family dwelling district regulation, provides under subdivision 3 thereof, that a rear yard of any residential property in a district such as encompasses plaintiffs’ and defendants’ property shall not be less than 25 feet and not less than 20% of the average depth of the lot. Plaintiffs allege that defendants’ lot is 80 feet in depth. The plaintiffs further allege that the defendants have commenced to construct a building upon the premises, the rear wall of which will be 19% feet from the north wall of the plaintiffs’ property, which not only is in violation of the ordinances aforesaid but also will obscure the plaintiffs ’ property and obstruct the front view thereof in that the defendants’ property extends seven feet westerly of the plaintiffs’ property; that plaintiffs constructed their dwelling in 1952 relying upon the provisions of the then existing Zoning Ordinances and that it is one of a large number of similar dwellings erected facing Depeyster Avenue which forms the side lot line of the defendants’ premises, which are located on the corner of Depeyster Avenue and Van Burén Street upon which street defendants’ dwelling *885 fronts. That the rental value of plaintiffs’ premises and its desirability as a residence depend largely upon the protection of the Zoning Ordinances aforesaid and that by reason of the violation the market value of plaintiffs’ premises is substantially affected and the plaintiffs will be irreparably damaged and their right of use of their residence will be diminished and impaired.
Inasmuch as defendants ’ motion is addressed to the complaint, all of the allegations of the complaint are deemed admitted. (Locke v. Pembroke, 280 N. Y. 430, 432; Lenkiewicz v. Wiktorek, 126 Misc. 218; Schickler v. Penrod Co., 222 App. Div. 627.)
I am of the opinion that there are sufficient allegations of damage and injury in the complaint so that the plaintiffs, if they are able to establish such allegations upon the trial, could be entitled to injunctive relief and consequently that the complaint states facts sufficient to constitute a cause of action. The leading case in which plaintiffs were permitted to maintain a similar suit and in which the authorities were thoroughly correlated is Rice v. Van Vranken (225 App. Div. 179). (See, also, Buckley v. Baldwin, 230 App. Div. 245; Marcus v. Village of Mamaroneck, 283 N. Y. 325, 333; Armstrong v. Gibson d Cushman, 202 Misc 399; Bazinsky v. Kesbec, 259 App. Div. 467; 6 Warren’s Weed, N. Y. Real Property Law [4th ed.], p. 482, par. 5.01.)
Defendants’ motion is, therefore, denied, with $10 costs. Order accordingly.