EMPIRE LEASING COMPANY, INC., Appellant, v. MECCA REALTY COMPANY and O. J. GUDE COMPANY, Respondents.

First Department, November 3, 1916.

Nuisance — unlawful sky sign, city of New York — injunction restraining operation of sign — rights of persons suffering special damage.

Where it has been judicially determined that a "sky sign" erected on a building in the city of New York is an unlawful structure, a plaintiff, who shows special damage by reason of the maintenance of the sign and also that it will sustain further special damage if the sign continues to be operated, is entitled to an injunction *pendente lite* restraining the defendant from continuing the nuisance, even though mandamus will lie to compel the removal of the sign by the proper municipal authorities.

APPEAL by the plaintiff, Empire Leasing Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1916, denying its motion for an injunction *pendente lite* restraining defendants from interfering with certain sky signs.

*Walter H. Bond,* for the appellant.

*Robert L. Luce* [*Jesse S. Epstein* and *Hector M. Hitchings* with him on the brief], for the respondents.

DOWLING, J.:

The question of whether or not the sky sign involved in this litigation was an unlawful structure has twice been passed upon by this court so that it is unnecessary to refer to the facts at length. (See *Southern Leasing Co.* v. *Ludwig,* 168 App. Div. 233; *People ex rel. Publicity Leasing Co.* v. *Ludwig,* 172 id. 71; affd., 218 N. Y. 540.) The motion for a temporary injunction was denied upon the ground that it was the duty of the superintendent of buildings to prevent its erection and not that of the plaintiff in this action. Inasmuch as the plaintiff shows that it has sustained special damage by reason of the maintenance of the unlawful sign and will sustain further special damage if the sign continues to be operated at its unlawful

height, the defendants may be restrained in equity at the instance of the plaintiff from continuing the nuisance, even though mandamus will lie as well to compel the taking down of the sign by the proper municipal authority. (*Eldert* v. *Long Island Electric Railway Co.*, 28 App. Div. 451; affd., 165 N. Y. 651; *Ackerman* v. *True*, 175 id. 353; *People ex rel. Browning, King & Co.* v. *Stover*, 145 App. Div. 259; affd., 203 N. Y. 613.)

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, but with the added clause that nothing therein contained shall be construed to prevent the defendants from taking proper steps to reduce the height of the sky sign to seventy-five feet.

CLARKE, P. J., McLAUGHLIN, SCOTT and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion, with ten dollars costs. Order to be settled on notice.