GEORGE H. ATKINS, Appellant, *v.* BURTON WEST, Respondent.

Third Department, January 17, 1928.

**Municipal corporations — zoning ordinances — action by individual to recover damages and restrain defendant from constructing and maintaining gasoline service station — permits under which defendant is constructing are invalid — complaint does not allege facts entitling plaintiff to equitable relief.**

This is an action by a property owner to recover damages and to restrain the defendant from constructing and maintaining a gasoline service station upon property belonging to the defendant. Permits, so far as granted to the defendant, were granted without jurisdiction and are without effect. While the plaintiff might maintain an action in equity to restrain the violation of a city ordinance, since the plaintiff is within the zone in which the defendant is constructing the station, he cannot do so unless some damage or injury to his person or property has been or will be done. .

The complaint in this action does not show that the plaintiff has the requisite interest to maintain an action in equity, for his property is not adjacent to the defendant's property, although within the zone, nor is there any allegation, other than the fact that the gasoline service station is to be erected, to show that the value of plaintiff's property will be materially reduced by the erection of the station or that the station will constitute a public nuisance. Nor is it alleged that the gasoline service station is not of good appearance or that its use will disturb the peace and quiet of the neighborhood or that it is within view of the plaintiff's premises, or that any odors or disturbing noises therefrom will reach plaintiff's property. Nor is there any allegation that the plaintiff will suffer irreparable damage by reason of the erection of the station. .

APPEAL by the plaintiff from a judgment and an order of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 12th day of November, 1926.

*Thomas F. Galvin,* for the appellant.

*Frank H. Deal,* for the respondent.

VAN KIRK, J. Defendant's motion to dismiss the complaint because it does not state facts sufficient to constitute a cause of action has been granted. The action is brought to recover a judgment for $5,000 damages and to restrain the defendant from

constructing and maintaining a motor vehicle service station and from maintaining certain gasoline storage tanks already installed upon property belonging to him in the city of Troy and requiring their removal.

It is alleged and may be shown that both plaintiff and defendant own property in the city of Troy; that defendant, in disregard of the ordinances of the city, intends to construct a motor vehicle service station on his property without first securing the necessary permit from the city; that such permits as the defendant had secured had expired or had been revoked before the defendant had begun the construction thereof, and these were granted without the required consents of the necessary number of property owners, or the necessary extent of frontage, within the limits fixed by the ordinances. It is further alleged: " *Thirteenth.* That under cover of the permits already issued to defendant as hereinbefore set forth, the defendant is now erecting a motor vehicle service station for the sale at retail of gasoline, oil and other automobile supplies at his said premises in the city of Troy and has installed said storage tanks designed to hold four thousand gallons of gasoline. *Fourteenth.* That the maintenance of such motor vehicle service station at said location by said defendant will materially reduce the value of plaintiff's said premises, and the operation of said service station by defendant will be a continuous violation of said ordinances and will be a public nuisance, and will result in irreparable loss and damage to plaintiff."

The permits, so far as granted to defendant, were granted without jurisdiction and are without effect. (*Miller* v. *City of Amsterdam,* 149 N. Y. 288, 293, 297.)

The question remains whether plaintiff may maintain the action. The Zoning Ordinances of the city of Troy, known as the Building Zone Ordinance of 1923 and as the Gasoline Ordinance of 1923, were enacted in the interest of public health, public safety, or the general welfare. (*City of Utica* v. *Hanna,* 202 App. Div. 610; General City Law, § 20, subd. 25, as added by Laws of 1913, chap. 247, and Laws of 1917, chap. 483.) An individual may not maintain an equity action to restrain the violation of a statute or a city ordinance, unless some damage or injury to his person or property has been or will be done. (*Empire City Subway Co.* v. *Broadway & S. A. R. R. Co.,* 87 Hun, 279; affd., 159 N. Y. 555.)

We think the complaint does not show that the plaintiff has the requisite interest to enable him to maintain this action. His property is not adjacent to defendant's property, but is in the zone or the limit within which the consent of property owners is required by the ordinances. In paragraphs " thirteenth " and

" fourteenth " is alleged what the plaintiff means by a motor vehicle service station. It is a station with equipment for the sale at retail of gasoline, oil and other automobile supplies. The storage tanks which defendant has already erected are a part of the equipment. Such only is the foundation for the general allegations that the maintenance of the motor vehicle service station will materially reduce the value of plaintiff's property and will be a public nuisance. Those general allegations, without supporting allegations of the facts and circumstances, are insufficient. (*Brass* v. *Rathbone,* 153 N. Y. 435, 442.) The supporting allegations in the present case show nothing which could reduce the value of neighboring property or constitute a nuisance. It is not alleged that the property or anything thereon is ugly in appearance, or is to be used as a garage or for a repair shop, or that the use thereof will disturb the peace and quiet of the neighborhood. It is not alleged that the tanks are within view of the plaintiff's premises, or that any odors or disturbing noises therefrom will reach plaintiff's property. Nor is it alleged that the defendant is unable to respond in damages for any loss plaintiff might suffer, or that plaintiff can suffer irreparable damage by reason of the matters alleged. The plaintiff has not shown himself to be entitled to equitable relief. (*Howley* v. *Press,* 127 App. Div. 646.) We think that the complaint does not state facts sufficient to constitute a cause of action.

The judgment and order appealed from should be affirmed, with costs.

COCHRANE, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment and order affirmed, with costs.