EDWIN W. RICE, JR., and Others, Respondents, *v.* GEORGE W. VAN VRANKEN, Appellant.*

Third Department, January 16, 1929.

*Borst & Smith* [*George B. Smith* of counsel], for the appellant.

*Naylon, Maynard, Bates & Smith,* for the respondents.

HILL, J.  Plaintiffs and defendant each own parcels of improved real property in the same section of the city of Schenectady, closely adjacent, and all within the restricted zone where apartment houses are not permitted.  On June 4, 1927, defendant obtained a permit to construct an apartment house at this location, and in November began operations.  This suit is for an injunction.

In the same year a Zoning Ordinance was adopted.  It was introduced at a council meeting on May seventeenth, adopted June seventh and became operative and effective on June twenty-third.  For many months prior to the adoption it had been under discussion and before a committee for the preparation of a zoning map.

Defendant claims to have incurred such liabilities in connection with the proposed construction that his permit was not revoked by the adoption of the ordinance.  Prior to obtaining the permit, defendant paid personal traveling expenses for a trip or trips to New York in an effort to interest financial agents in the proposed construction.  No active effort at financing began until August, and the loan was not obtained until November.  Defendant and his architect say there was an oral agreement of employment in April, by which the architect was to receive six per cent of $300,000, the estimated cost, one-fifth to be due when sketches were approved, and further installments as the work progressed.  They say that sketches had been prepared before the ordinance became effective but they were not in their final state.  Preliminary work, involving an expenditure of less than $800, was done upon the premises in November.

If defendant had entered upon the construction of his building, and incurred liabilities for work and material prior to the adoption of the ordinance, he could not be restrained.  (*City of Buffalo* v. *Chadeayne,* 134 N. Y. 163.)  If not, the adoption of the ordinance *ipso facto* revoked his permit.  (*People ex rel. Publicity Leasing Co.* v. *Ludwig,* 172 App. Div. 71; affd., 218 N. Y. 540; *Matter of Fox Lane Corporation* v. *Mann,* 216 App. Div. 813; affd., 243 N. Y. 550; *Cohen* v. *Rosedale Realty Co., Inc.,* 120 Misc. 416; affd., 206 App. Div. 681.)  All of the work was done and liabilities incurred, except traveling expenses and tentative plans, after the permit had been revoked.  A vested right which relieved defendant from the provisions of the Zoning Ordinance was not thus created. (*People ex rel. Publicity Leasing Co.* v. *Ludwig, supra.*)

Plaintiffs cannot maintain this suit to restrain the violation of

the ordinance enacted for the protection of the public unless it appears that their personal or property rights will be injured. (*Empire City Subway Co.* v. *Broadway & S. A. R. R. Co.*, 87 Hun, 279; affd., 159 N. Y. 555; *Atkins* v. *West*, 222 App. Div. 308.) The evidence shows that a direct financial loss will be suffered by them if the apartment is erected. Under such conditions, they may maintain the suit. (*N. Y. Cement Co.* v. *Consolidated Rosendale Cement Co.*, 178 N. Y. 167.)

The judgment should be affirmed, with costs.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Judgment unanimously affirmed, with costs.