JOHN T. BUCKLEY, Appellant, *v.* IDA C. BALDWIN and Another, Respondents, Impleaded with JAMES A. BEAN and Another, Defendants.

Third Department, June 27, 1930.

*Hinman, Howard & Kattell* [*C. Addison Keeler* of counsel], for the appellant.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the respondents.

WHITMYER, J.    The action is for a permanent injunction against the construction by Ida C. Baldwin, the owner, of an upstairs back porch on her house on Davis street, Binghamton, N. Y., and against the use by her of the house as a dwelling for more than two families, on the ground that such construction and use are in violation of the Zoning Ordinance of the city of Binghamton.

The contractor and two tenants have been included as parties.

The defense is that the house was used as a three-family dwelling before the adoption of the ordinance, giving the right to so use it, and that the ordinance in this case is an unreasonable exercise of the police power.

The tenants did not appear or answer and the complaint was dismissed both as to the contractor and the owner.

Plaintiff owns a one-family house, designated as No. 12, on a lot fifty by one hundred and ten feet on the northerly side of the street. He built it in 1917 and the cost of the property was about $17,000.

The defendant owner's house, designated as Nos. 15 and 15½, is on the southerly side of the street, diagonally across from plaintiff's.

The street is a residential street, fifty feet wide and runs east and west.    On the northerly side the houses are one-family houses, of substantial character, all practically owned by the occupants, excepting a two-family house, the second west from plaintiff's. On the southerly side a six-family apartment house of stucco is located at the corner of Davis and Chestnut streets, seven or eight lots from the defendant owner's.    West of Chestnut street, fronting on Davis street, is another six-family apartment house of the same character.    These were built in 1917.    Then there are about five one-family and about two two-family houses on that side.

The defendant owner built her house in 1912.    It is a double house under one roof, with a partition from cellar to attic and with no access from one side to the other, except from the outside.    From

1912 to 1914 it was occupied by two families, one on each side.   On May 1, 1914, the owner took the first floor of the easterly half and remained until 1918, when she left to keep .house for her brother whose wife had died.   While she was living in the house she rented the second floor to several unmarried and unrelated young women. They were roomers.   When she left she stored her furniture on the third floor.   About August 1, 1918, another tenant took that side and remained until 1926.   The westerly half has always been occupied by one family.   From 1918 to 1926 the premises were occupied as a two-family house.

Clearly, the house was not occupied as a three-family house down to 1926.   If the house is not used for three families, the porch cannot be a violation.

The ordinance was adopted on October 17, 1922, and the houses in question are on the portion of the street zoned as " Two Family Residential District."

Section 20 of the ordinance divides the city into six " Use Districts," namely: (1) Single family; (2) two-family; (3) apartment house; (4) commercial and business; (5) industrial and manufacturing, and (6) unrestricted.

Section 22 thereof prescribes the character of the buildings for the two-family district and excludes three-family houses.

On October 18, 1927, the building inspector of the city granted a permit for the construction of a porch on the rear of the easterly side of the second floor.   While carpenters were erecting it, plaintiff obtained an injunction against its erection, in the belief that its purpose was to make the house more suitable for occupation by three families.   The permit had not been obtained when the injunction was granted.   Apparently that was the sole reason for the commencement of the action.   Plaintiff did not talk with the owner or contractor in advance.   Later, the permit was issued. No change in the front was contemplated or made.   The change on the outside was to the rear and the only thing done was to lift the roof over the first floor to make the second floor identical with the first.   On the inside of the' easterly half, the bathrooms were moved back, the attic was extended to the same length as the second floor, and the west side was left open and not completed.   But the owner stated that she would not contradict that there were three families in the house, two on one side and one on the other.

That is sufficient to show that there was a three-family occupancy or that it was contemplated.

Article 2, section 11, subdivision 15, defines a " Two Family Dwelling or Double House " as a dwelling built singly and apart from any other building and designed and used exclusively for

residential purposes by two families or individuals. Thus, this house is within the definition.

There has been a great advance in the zoning scheme. It is now generally accepted. While there are differences in interpretation, these arise as to the extent to which the scheme may be applied. A purely æsthetic purpose has not been held sufficient, but regulation has not been difficult, where the purpose has been to protect public health or safety. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 298, 300.) And, now, courts have gone so far as to consider the æsthetic in connection with what heretofore have been regarded as sufficient reasons. (*Wulfsohn Case, supra*, 300.) At first, there was a reluctance to require the separation of residential and business districts. (*Euclid* v. *Ambler Co.*, 272 U. S. 365, 392.) The next step was to limit the use of residential districts. And, now, the United States Supreme Court has sustained an ordinance excluding a four-family apartment house from a residential district. (*State ex rel. Minnesota* v. *Houghton*, 164 Minn. 146; affd., *sub nom. Beery* v. *Houghton*, 273 U. S. 671, on authority of *Euclid* v. *Ambler Co., supra.*) Conservation of property values, desirability of exclusive one-family and two family residential districts, and general city benefit have been the basic reasons for the advance.

The ordinance is a valid exercise of the police power.

Whether or not plaintiff, as an individual, may maintain the action is the only question. The action was prematurely brought, but that question has been removed by the owner's failure to raise it and by her admissions on the trial.

An individual may not maintain an equity action to restrain the violation of a statute or a city ordinance, unless some damage or injury to his person or property has been or will be done. (*Empire City Subway Co.* v. *Broadway & S. A. R. R. Co.*, 87 Hun, 279, 282; affd., 159 N. Y. 555; *Atkins* v. *West*, 222 App. Div. 308, 309; *Rice* v. *Van Vranken*, 225 id. 179, 180.) Here there is no financial damage. There is only the possibility that this encroachment upon the ordinance and the district may be followed by others, so that the character of the district may be changed and impairment in values may result. (*Wulfsohn Case, supra*, 301.) This is too speculative and it seems to me that plaintiff may not maintain the action.

I think that the judgment should be affirmed.

VAN KIRK, P. J., and HINMAN, J., concur; HASBROUCK, J., concurs with a memorandum; DAVIS, J., dissents and votes for reversal and a new trial on the ground that the change of the building in question into a three-family apartment was in violation of the Zoning Ordinance, and that the evidence, although slight, of damage

to plaintiff was sufficient to give him the right of action to restrain the continued violation of the ordinance.

HASBROUCK, J. I am for affirmance on the ground that Miss Baldwin built the house as a three-family house and occupied it as such before the passage of the Zoning Ordinance, and thus had an accrued or existing right. Such right is saved under the provisions of paragraph 3 of section 38 of the Zoning Ordinance.

Judgment affirmed, with costs.