FRIEDA J. ROOCK and Others, Appellants, *v.* MARCUS D. WOMER, Respondent.

Fourth Department, November 11, 1931.

*William Ryan,* for the appellants.

*Francis D. McCurn* [*Donald V. Carr* of counsel], for the respondent.

TAYLOR, J.   The Building Zone Ordinance of the city of Syracuse provides that a building on the northwest corner of Warner and Webster avenues in that city shall have a " set-back " from the Warner avenue street line of at least sixteen and forty-eight one-hundredths feet.   Defendant obtained a permit and proceeded to dig a cellar and build a house on this corner having a " set-back " of only eight and thirty-six one-hundredths feet from Warner avenue.   Plaintiff Roock owns a house and lot seventy feet west of defendant's premises on the north side of this avenue, and plaintiffs Kaufmann own the premises adjoining those of plaintiff Roock on the west.   Plaintiffs' action is to enjoin defendant from proceeding further — to compel him to tear down the portion of the building projecting illegally and for damages.   At the trial, in the face of proof of special damages to the plaintiffs, a dismissal of the complaint on the merits was ordered on the ground that there was an adequate legal remedy, and from the judgment entered thereon this appeal was taken.

The permit was not put in evidence, and we have no definite information as to whether or not it authorized a construction in violation of the ordinance.   Therefore, we infer that the claim of plaintiffs — as it reached the court at nonsuit time — was that the

building had been constructed under an unlawful permit or in violation of both a valid permit and the ordinance. In either case — since ignorance of the law excuses no one — this meant a building erected in appreciated disregard of the law and disposes of respondent's claim that he had vested rights because of the money he had expended and expected to expend when the action was started. If defendant had no permit or an illegal or revoked or expired permit (*Rice* v. *Van Vranken*, 225 App. Div. 179; affd., 255 N. Y. 541; *Atkins* v. *West*, 222 App. Div. 308), or a valid permit and proceeded nevertheless to so erect his building as to violate the regulatory law, thereby doing special damage to plaintiffs' nearby real property, plaintiffs are not limited in their remedy to compelling some municipal representative to take legal action. Mandamus is not compulsory. In *Abounader* v. *Strohmeyer & Arpe Co.* (217 App. Div. 43; affd., 243 N. Y. 458), a case quite different in its facts from the one at bar, Justice DAVIS discussed at some length the right of individuals personally damaged to invoke for their private benefit statutes enacted in terms to protect the public. He stated that the English doctrine was similar to that generally prevailing in this country and quoted from volume 27 of Halsbury's Laws of England, sections 331, 378, as follows: " A statute may impose a duty in such terms that a right of action will accrue to any person injured by a breach of or failure to perform it, even when the statute provides some other sanction for the purpose of ensuring its performance. * * * Notwithstanding the fact that a breach of a statutory duty may in some circumstances be excused so far as penal consequences are concerned, any person who has sustained injury from the non-performance of a statutory duty can claim damages from the person on whom the duty is imposed, where such non-performance amounts to a breach of a duty owed to the person injured."

Cases like *Southern Leasing Co.* v. *Ludwig* (217 N. Y. 100) are not in point; for there a taxpayer, not showing any special individual damage, sought in an equity action to compel a superintendent of buildings to revoke a building permit. The remedy of mandamus was held adequate. As distinguished from cases like *Brown* v. *Shyne* (242 N. Y. 176, 181), we admittedly have *prima facie* proof in this action that " private injury has been caused by danger against which the statute was intended to afford protection, and which obedience to the statute would have obviated."

This structure, under the record before us, must be held unlawful. Whatever the fact may be as to the permit, equity is available to compel not only conformity with the ordinance *nunc pro tunc* but payment for the damage done to plaintiffs' property. (*Empire*

*Leasing Co., Inc.,* v. *Mecca Realty Co.,* 174 App. Div. 433; *Ackerman* v. *True,* 175 N. Y. 353; *People ex rel. Browning, King & Co.* v. *Stover,* 145 App. Div. 259; affd., 203 N. Y. 613; *Empire City Subway Co.* v. *Broadway & S. A. R. R. Co.,* 87 Hun, 279; affd., 159 N. Y. 555; *Rice* v. *Van Vranken,* 225 App. Div. 179; affd., 255 N. Y. 541; *Buckley* v. *Baldwin,* 230 App. Div. 245; *Atkins* v. *West,* 222 id. 308.) The relief, if any, which should ultimately be decreed can be determined only after both sides have presented their evidence. We say no more than that a *prima facie* case in equity was made out and that a nonsuit was error.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to appellants to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event.