## (October 29, 1937.)

CLARENCE F. KALTENBACH, Respondent, v. ANNA BENISCH, PETER HASLINGER, FRED KEISER and BENISCH BROS., INC., Appellants, and KATHERINE HASLINGER, Defendant.

Order restraining, *pendente lite*, the unauthorized operation of a gasoline station affirmed, with ten dollars costs and disbursements. The granting of the restraining order was not an abuse of discretion. (*Rice* v. *Van Vranken*, 132 Misc. 82; affd., 225 App. Div. 179; affd., 255 N. Y. 541; *Cohen* v. *Rosevale Realty Co., Inc.*, 120 Misc. 416; affd., 206 App. Div. 681.)

Carswell, Davis, Adel and Taylor, JJ., concur; Hagarty, J., dissents, with opinion.

HAGARTY, J. (dissenting). I dissent and vote to reverse and to deny the motion. The complaint is insufficient. The first cause of action alleges, simply, the illegality of the use by defendants as in violation of the zoning ordinances. The second cause of action seeks damages by reason of unfair and illegal competition. The illegality complained of is derived solely from the fact that the use is non-conforming to the ordinance. It is well settled that equity will not act where there is an adequate remedy at law or where mandamus will lie. (*Southern Leasing Co.* v. *Ludwig*, 217 N. Y. 100, 103.) Nor may an individual maintain a suit for an injunction to restrain violation of a statute or ordinance in the absence of a showing of some special damage or injury to him occasioned thereby. (*Atkins* v. *West*, 222 App. Div. 308; *Buckley* v. *Baldwin*, 230 id. 245; *Whitridge* v. *Park*, 100 Misc. 367; *Owid* v. *Moushaty*, 125 id. 535; *Coley* v. *Campbell*, 126 id. 869; *Keenly* v. *McCarty*, 137 id. 524.) Ordinarily, the remedies and provisions for enforcement provided in the ordinance itself are exclusive. In this case, under section 23 of the zoning resolution, violation thereof constitutes a misdemeanor. Enforcement by the superintendent of buildings is contemplated in accordance with rules and regulations of the board of standards and appeals, and the corporation counsel, on behalf of the city of New York, is authorized to maintain an action for injunction. The statute was enacted in behalf of the public, and it is contemplated that the public authority only shall enforce it, in the absence of special damage. Plaintiff has suffered no special damage by reason of the violation in the sense alleged in the complaint.

While the gasoline station is characterized as a " public nuisance," ordinarily such a building and use would not be; plaintiff so admits in his brief, and there is nothing alleged in the complaint which would bring it within that category. Plaintiff's sole grievance is that the use results in competition with his business, and that some of the profits, which would otherwise accrue to him, go to the defendants. That is not an injury or damage which the zoning ordinance seeks to prevent. The ordinance was enacted to promulgate a scheme of development in the city and to preserve the character of neighborhoods, in the interest of the public generally — not to confer business monopolies on individuals. Plaintiff does not allege that his property, in so far as its conforming character is concerned, is damaged by defendants' use. In view of the fact that he conducts a similar business, he could not, consistently, make such a claim. He has no exclusive right to do business by virtue of the ordinance. Loss of profits is not such an injury as will justify injunctive relief in this case. (*Fort Plain Bridge Co.* v. *Smith*, 30 N. Y. 44.)

*Rice* v. *Van Vranken* (132 Misc. 82; affd., 225 App. Div. 179; affd. without opinion, 255 N. Y. 541) is not to the contrary. There, the defendant proposed

to erect apartment houses in a zone limited to dwellings. The plaintiffs were the owners of one-family dwellings in the zone so limited. Plaintiffs sought to restrain the defendant and were successful. Although the opinions written at the Special Term and in the Appellate Division do not so expressly state, it is implied, I believe, that the injury complained of by the home owners was that the character of the neighborhood would be changed by the apartment house construction in violation of the precise purpose of the zoning act and of special damage to them because of their location adjoining defendant's property within the zone. Here, the plaintiff complains of loss of profits in the conduct of a similar business within the zone. Clearly that is foreign to the purpose of the zoning resolution.

It is no answer to say that the defendants' use is illegal, and, therefore, there should be no quibble about the precise form of remedy. Plaintiff is not entitled to preservation of a monopoly in business, and enforcement of the resolution should be conducted by public authority, as the resolution itself contemplates, or by individuals whose property holdings are affected, as in *Rice* v. *Van Vranken* (*supra*). If the public authority refuses to act, then the plaintiff may compel them to do so by peremptory mandamus.