WILLIAM K. WIKE et al., Plaintiffs, *v.* HENRY HERMS et al., Defendants.

Supreme Court, Trial Term, Westchester County, March 18, 1946.

*Gerard A. Weiss* for plaintiffs.

*Upham, Blasi & Drews* for defendants.

BAILEY, J. The plaintiffs in this action are owners of private residences in a Business B District on South Broadway in the village of Tarrytown. The defendants propose to erect a garage and filling station in this zone according to plans which have been submitted to and approved by the Village Building Inspector. The plaintiffs, as adjoining property owners, seek an injunction restraining the erection of the garage claiming that it will violate the zoning ordinance to their special damage. They contend generally that a repair shop is prohibited and specifically that section 12.2.2 will be violated.

The evidence indicates that the defendants intend to make minor repairs in connection with a garage business. Operation of a garage is expressly permitted in a Business B District. (Zoning Ordinance of Village of Tarrytown, §§ 8, 9.) All operations incidental to the conduct of a garage business are impliedly authorized. The proof does not establish that the business to be conducted by these defendants is prohibited in a Business B District.

Section 12.2.2 of the Zoning Ordinance provides as follows: " No filling station or public garage accommodating more than five motor vehicles shall be located within two hundred feet of any theatre, auditorium or other place of public assembly seating over one hundred persons, or used as a church, hospital, college, school or institution for dependents or children."

A reasonable construction of the first sentence indicates that the clause " accommodating more than five motor vehicles " qualifies both a filling station and a public garage. The plain-

tiffs have failed to establish that more than five motor vehicles will be accommodated in violation of this section. Furthermore, plaintiffs do not fall within the category of those whom the ordinance purports to protect. Persons who are not intended to be protected by a statute cannot recover damages for a violation thereof. (*Schmidt* v. *Merchants Dispatch Trans. Co.,* 270 N. Y. 287, 305.) Correspondingly, they would not be entitled to an injunction which is based on the right to recover damages and is given to avoid a multiplicity of action. (*Empire Engineering Corp.* v. *Mack,* 217 N. Y. 85, 94.)

In order to invoke the injunctive powers of this court it is incumbent upon the plaintiffs to establish not only a violation, present or impending, of the Zoning Ordinance, but special damage resulting therefrom. (*Rice* v. *Van Vranken,* 132 Misc. 82, 225 App. Div. 179, affd. 255 N. Y. 541; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325.) This filling station is being constructed in a business zone. Plaintiffs have not proven any special damage such as would be uncommon to a private residence in any business zone. Diminution of resident values, less enjoyment of resident property, noisy environment, traffic congestion and increased fire hazards are necessary attributes of a business section and would not supplant the requirements which would move a court of equity to grant restraining or injunctive relief.

Defendants' motion for judgment is granted.