■ In the Matter of the Estate of PAUL CORRIGAN, Deceased. MARGARET CORRIGAN, as Executrix of PAUL CORRIGAN, Deceased, Respondent; WILLIAM K. English, Appellant.— Appeal from an order of the Surrogate's Court of Broome County, which denied a motion to dismiss an amended petition seeking an order fixing the attorney's fees of appellant. Appellant is an attorney who was retained by the executrix and sole beneficiary in connection with the settlement of a decedent's estate. Some time after the will was admitted to probate the executrix discharged appellant and retained new attorneys. After some negotiation a sum of money was paid appellant, he turned over the papers in his possession, signed a general release to the executrix, and consented to a substitution of attorneys. The gist of the amended petition is that appellant misrepresented the nature and extent of the services which he had performed, and asks that the Surrogate determine and fix the amount of his fees and disbursements. The record seems clear that jurisdiction of the person was obtained in the manner provided by the Surrogate's Court Act. Section 231-a of that act clearly gives the Surrogate's Court jurisdiction of the subject matter, with broad powers in connection with the compensation of an attorney, including the right to direct a refund if an excess payment is found. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ JAMES H. CONNELL et al., Respondents, v. TOWN OF BRUNSWICK, Appellant.— Appeal from a judgment of an Official Referee which restrained the defendant town from enforcing an ordinance prohibiting the erection of any drive-in theaters within the town except by permission of the Town Board. On March 14, 1956 the Town Board of the defendant town passed an ordinance prohibiting the construction of drive-in theaters within the town, stating its authority to adopt the ordinance as subdivisions 11, 12 and 15 of section 130 of the Town Law. Thereafter plaintiffs negotiated for the purchase of certain property within the town for the purpose of constructing a drive-in theater. At that time it may be found that the plaintiffs had notice of the prohibitory ordinance but on legal advice considered it invalid. On January 3, 1957 the Town Board rescinded the ordinance mentioned and adopted another ordinance, stating its authority to be the same sections of the Town Law just cited, which purported to regulate the construction of drive-in theaters by providing that no such theater should be constructed within the town until its plans had been filed

with and approved by the Town Board, which was given power to approve or disapprove the application. The latter ordinance states further general requirements, which include provisions to the effect that the proposed drive-in theater shall not be near densely populated areas and shall be in areas generally classified business or commercial; the location of the theater and access roads should not create a traffic hazard; the location of the structures should improve the surrounding area and the screen should not face one of the main streets or highways. Plaintiffs-respondents contend that both ordinances were invalid because the Town Law, which has not been amended since drive-in theaters became the vogue, was not intended to authorize towns to regulate or prohibit such structures. It seems of little consequence on this appeal whether the first ordinance was valid or constitutional. The expenditures made by the plaintiffs were not sufficient to create a vested right to build a drive-in theater in contravention of the second regulatory ordinance, leaving aside for the moment the question of whether this ordinance is valid or not. The test of a vested right was stated in the case of *People* v. *Miller* (304 N. Y. 105), and plaintiffs do not come within that category. To this authority there may also be added the case of *Rice* v. *Van Vranken* (132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541). The one issue left therefore is whether the second ordinance is a valid exercise of power. If it is valid the plaintiffs' suit probably should be dismissed even if they were wrongly denied a permit because they did not seek a review of that denial made by the administrative authority i.e., the Town Board. Also plaintiffs' argument that the statutes do not apply to drive-in theaters because they were passed before such theaters became common has little merit (*City of Buffalo* v. *Roadway Tr. Co.*, 303 N. Y. 453). However in our opinion the ordinance in question is an attempt to zone the town against drive-in theaters, either partially or completely, and was not passed in conformity and compliance with article 16 of the Town Law. This article prescribes comprehensively the procedure and substantive requirements for zoning property within the borders of a town, but stipulates that the board may not pass a zoning ordinance until it first appoints a zoning commission which must hold hearings and make a preliminary report before the board may act. If the town wishes to exclude business and commercial establishments from areas not normally classified it should comply with article 16 of the Town Law which requires that zoning regulations should be made in accordance with a comprehensive plan. Quite evidently what the board of the defendant town has tried to do is to have the benefits of a zoning ordinance without its liabilities. We are therefore constrained to hold that the ordinance in question is invalid and an attempt to zone the town against certain structures without following the requirements of the zoning statute. Judgment affirmed, with costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.