LESRON JUNIOR, INC., et al., Appellants, v. PETER I. FEINBERG et al., Individually and Doing Business as the General Partners under the Name of DRAKE ASSOCIATES, et al., Respondents, et al., Defendant.

First Department, April 6, 1961.

*Paul Berger* of counsel (*Burton I. Monasch* with him on the brief; *Charles A. Buckley, Jr.,* attorney), for appellants.

*Harry Hausknecht* (*Elias M. Schwarzbart* with him on the brief), for Zeckendorf Hotels Corporation and others, respondents.

*Leepson & Rubman* and *Friedman & Lillienthal* for Peter I. Feinberg and others, respondents.

EAGER, J.   The plaintiffs appeal from an order of Special Term, entered September 7, 1960, which dismissed their complaint, on the motion of certain defendants for judgment on the pleadings under rule 112 of Rules of Civil Practice, and which denied plaintiffs' motion for summary judgment.

The action is brought by the owner and the lessee of premises at 575 Madison Avenue and 55–57 East 56th Street, New York City, to enjoin the construction on adjoining premises of a tower building allegedly in violation of the provisions of the Multiple Dwelling Law and the Zoning Resolution of the City of New York.   It is alleged that the plaintiffs' property is improved with a 25-story modern office building; that the adjoining lot to the southeast on 56th Street and the next lot thereto, owned by certain of the defendants, are at present improved by two five-

story office buildings; that certain defendants have filed plans and specifications with the Department of Buildings of the City of New York for the erection of a tower building upon these adjoining lots, which building is to adjoin and to be used as an annex to the Hotel Drake situate on the corner of 56th Street and Park Avenue; that the Department of Buildings has issued a building permit for the construction of said tower building; that, pursuant to such permit, the defendants intend to demolish the present five-story buildings on the adjoining lots and to erect thereon a 16-story tower building; and that the same will obstruct the light and air of plaintiffs' adjoining office building and will destroy the market and rental value thereof. It is further alleged that said proposed 16-story tower building would violate the Multiple Dwelling Law, and particularly sections 26 and 27 thereof, relating to setback and rear yard requirements and that it would also violate the Zoning Resolution of the city, and particularly subdivision (d) of section 9 and subdivision (a) of section 12 thereof relating to such requirements.

The answer of the defendants admits the proposed construction pursuant to the plans approved and the permit issued by the Building Department, but otherwise denies the material allegations of the complaint. Among other defenses, the answer sets forth the alleged failure of plaintiffs to exhaust the administrative remedies prescribed and required by the New York City Charter and the Administrative Code of the City of New York. In this connection, the answer alleges that:

" 10. During the pendency of the aforesaid Application to the Department of Housing and Buildings [the application for the building permit], plaintiffs and/or their predecessors in interest knew that said Application was pending and intervened in said proceeding in an unsuccessful effort to prevent the issuance of the Permit.

" 11. Pursuant to the provisions of the City Charter, Sections 666 and 668, and the New York City Administrative Code, Section 668e–1.0, and other applicable provisions of the Charter and Code, the exclusive remedy of a person aggrieved by the Decision of the Department of Housing and Buildings granting the Permit aforesaid, is to appeal from said Decision in the first instance to the Board of Standards and Appeals of The City of New York and from an adverse ruling of the said Board by certiorari to the Supreme Court; and aforesaid appeals to the Board and the Court by certiorari are conditions precedent to any right of remedy by plaintiffs for the things complained of."

From the affidavits submitted in connection with the summary judgment application, it appears that, prior to and after the

issuance of the building permit, the plaintiffs and/or their predecessors in title verbally and by letter made known to the Building Department their objections to the issuance of a permit for the proposed building, and that the Building Department disregarded them.

It is true that the City Charter generally provides that the Commissioner of Buildings of the City Building Department shall have exclusive power, not subject to review, except by the Board of Standards and Appeals, to approve and disapprove building plans and to require that they be in accordance with law (see New York City Charter, § 645); and that appeals may be taken by any person aggrieved from decisions of the Commissioner of Buildings to the Board of Standards and Appeals (§§ 648, 668). We conclude, however, that the action here for an injunction is not barred by the failure of the plaintiffs to take and prosecute an appeal to the Board of Standards and Appeals.

Generally speaking, "In order to deny one the relief which a court of equity can give, it is not in all cases sufficient that there be a remedy at law. The remedy must be plain and adequate and as certain, prompt, complete and efficient to attain the ends of justice and its prompt administration as the remedy in equity. (*Dailey* v. *City of New York,* 170 App. Div. 267, affd. 218 N. Y. 665; *Rice* v. *Van Vranken,* 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541.) " (*Boston & Maine R. R.* v. *Delaware & Hudson Co.,* 238 App. Div. 191, 196.) Further, specifically with respect to injunction actions, and the right to maintain them, the general rule is: "The mere existence, however, of a remedy at law is not in itself sufficient ground for refusing relief in equity by injunction; nor does the existence or nonexistence of a remedy at law afford a test as to the right to relief in equity. To deprive a plaintiff of the aid of equity by injunction it must also appear that the remedy at law is plain and adequate; in other words, that it is as practical and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity. And unless this is shown a court of equity may lend its extraordinary aid by injunction, notwithstanding the existence of a remedy at law." (1 High, Injunctions [4th ed.], § 30, p. 47.) (See, also, Pomeroy, Equity Jurisprudence [5th ed.], §§ 176, 216–222; also, *Wickwire* v. *Warner,* 191 App. Div. 835, affd. 233 N. Y. 572; *Lang's Creamery* v. *City of Niagara Falls,* 224 App. Div. 483, affd. 251 N. Y. 343; *Republic Aviation Corp.* v. *Republic Lodge,* 10 Misc 2d 783; *Phillips* v. *Hilmont Realty Corp.,* 195 Misc. 270.)

Under the settled doctrine, the right to the equitable remedy of injunction depends upon whether or not an existing remedy

provided by law will furnish plaintiffs with proper and adequate relief. Thus, in determining whether or not an action for an injunction is to be defeated by the failure of plaintiff to exhaust an alleged administrative remedy, it is to be borne in mind that an administrative officer or board generally has but very limited powers; and that a party, maintaining a proceeding before such an officer or board, is not generally enabled to obtain at his or its hands the broad and complete relief providable by a court. And, if an administrative remedy would afford a plaintiff substantially less than adequate relief for a clear wrong, the failure to exhaust the same should not be regarded as a bar to the obtaining of complete relief in a court of equity. In fact, recently, in connection with the affirmance of an injunction to the extent that it barred the improper obstruction of street and sidewalk access to plaintiff's premises, this court had occasion to comment that "it does not follow that because equity will decline to exercise its power where there is an adequate remedy at law, meaning an action at law, that, therefore, its doors are closed to petitioners because of the existence of an administrative remedy, an appropriate criminal proceeding,— or even the availability of self-help." (*Graceland Corp.* v. *Consolidated Laundries,* 7 A D 2d 89, 93, affd. 6 N Y 2d 900.)

Clearly, here, the plaintiffs could not obtain adequate and complete relief in the prosecution of an appeal to the Board of Standards and Appeals from the Building Commissioner's determination to issue the permit. The power of the board in connection with such an appeal would be limited to one of three determinations, namely (1) the approval of the issuance of the particular permit; (2) the revocation of the permit; or (3) upon a proper showing of practical difficulties and unnecessary hardship, the allowance of a proper variance of the zoning regulations. No one of these results would afford plaintiffs proper relief, in that (1) the approval of the permit by the board on the appeal would be opposed to the relief which is sought by plaintiffs and to which they are entitled if their allegations are sustainable; (2) the revocation of the permit on such an appeal would not give the plaintiffs relief equivalent to that which they seek in this action, namely, injunctive relief against the erection of the allegedly illegal structure; and (3) any variance of the zoning regulations by the board on an appeal certainly would not aid the plaintiffs. Furthermore, a determination of an appeal, if taken, would not necessarily end the controversy. In fact, upon a determination thereof, the plaintiffs could very well be faced with the necessity of maintaining or defending an article 78 proceeding to review the same. Thus, the relegating

of plaintiffs to the alleged remedy before the said board could very well result in unnecessary, time-consuming and expensive procedures.

If the plaintiffs are entitled to bar the construction of the proposed structure, this action constitutes a proper and simple method of affording them relief. It is settled beyond doubt that an action for injunctive relief is the appropriate remedy of an aggrieved property owner who seeks to bar the erection of a structure on adjoining or nearby premises in violation of express zoning regulations. (See *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Daub* v. *Popkin,* 9 Misc 2d 362, mod. 5 A D 2d 283, affd. 4 N Y 2d 1024; *Rice* v. *Van Vranken,* 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541; *Roock* v. *Womer,* 233 App. Div. 566; *Bailer* v. *Ringe,* 255 App. Div. 976; *Kaltenbach* v. *Benisch,* 252 App. Div. 788.) And the fact that there is outstanding, as here, an unrevoked and unappealed from building permit issued by the local Building Department or Commissioner, for the proposed structure, is immaterial and constitutes no defense to the action for injunction, that is, where the structure in fact violates the law. (*Marcus* v. *Village of Mamaroneck, supra*; *Rice* v. *Van Vranken, supra*; *Roock* v. *Womer, supra*; *Daub* v. *Popkin, supra.*)

In view of the foregoing, it is concluded that the learned Justice at Special Term erred in dismissing the complaint upon the ground stated by him, namely, the plaintiffs' failure to allege that they had exhausted their administrative remedies. The decisions cited by the defendants to sustain the judgment on this ground are clearly distinguishable and inapposite.

It appearing, however, that there exist material and relevant issues of fact, other than with reference to the particular defense here discussed, the granting of summary judgment would not be proper. Therefore, the order, entered September 7, 1960, should be modified on the law and the facts, with $20 costs and disbursements to appellants, to delete the first and third ordering paragraphs and to provide that the defendants' motion is in all respects denied, with $10 costs.

VALENTE, J. (dissenting). Judgment dismissing the complaint should be affirmed. Defendants were entitled to the dismissal both under rule 112 and rule 113 of the Rules of Civil Practice because plaintiffs failed to exhaust the available administrative remedies before proceeding in this action for an injunction.

The essential facts are fully stated in the majority opinion. In essence, plaintiffs are suing to enjoin the defendants from erecting a building upon lots adjoining those of plaintiffs on

the ground that such new building would violate height restrictions of subdivision (f) of section 8 and subdivision (d) of section 9 of the Zoning Resolution of the City of New York.

In September, 1959, the Buildings Department approved an amended application together with the plans and specifications for the proposed new building, and issued a permit on December 3, 1959. During the pendency of the application, and after the permit had been granted, plaintiffs and their predecessors intervened with the Buildings Department urging the denial or cancellation of the permit by reason of the alleged violation of sections of the Zoning Resolution; but their objections were overruled.

Under section 643 of the New York City Charter the Department of Housing and Buildings is given jurisdiction to enforce laws and regulations governing, among other things, the construction and alteration of buildings and structures in the city, and to issue permits in reference thereto. Section 645 gives exclusive power to the Commissioner of Buildings to approve and disapprove plans for construction or alteration, and to require that they be in accordance with law. It further provides specifically that such power "shall not be subject to review except by the board of standards and appeals as provided by law".

Appeals may be taken from decisions of the Commissioner of Buildings and Borough Superintendent to the Board of Standards and Appeals (New York City Charter, § 648) which can review the determinations and reverse or affirm, in whole or in part, and "make such order, requirement, decision or determination as in its opinion ought to be made in the premises" (§ 666, subd. 6). In passing upon appeals, the board may grant a variance "where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, so that the spirit of the law shall be observed, public safety secured and substantial justice done" (§ 666, subd. 7).

Under section 668 of the Charter, an appeal may be taken to the Board of Standards and Appeals "by any person aggrieved" and an appeal stays all proceedings in furtherance of the action appealed from.

The decisions of the board may be reviewed by certiorari to the Supreme Court by "any person or persons, jointly or severally aggrieved" (Administrative Code of City of New York, § 668e–1.0).

In *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh*, 203 App. Div. 468, the court (per Dowling, J.) said (p. 474):

"The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in making such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done."

The court then held that petitioner's failure to exhaust its remedy by appeal to the Board of Appeals prevented it from applying to the court for relief by way of mandamus to compel the Superintendent of Buildings to revoke a permit.

The same conclusion was reached in *Matter of Towers Management Corp.* v. *Thatcher* (271 N. Y. 94) which cited, and quoted with approval from the *Walsh* case (*supra*).

There is no claim here that plaintiffs were not accorded ample opportunity to appeal to the Board of Standards and Appeals as aggrieved parties, or that such an appeal would be futile, or that the Zoning Ordinance is not applicable to the situation.

Unquestionably, the Legislature has vested in the Board of Standards and Appeals the exclusive power to determine from an expert viewpoint the manifold questions involved in the construction and alteration of buildings in New York City and in the enforcement of the Zoning Resolution. Sufficient safeguards are provided for appropriate review procedure by the courts in a certiorari proceeding to afford judicial protection against any illegal or arbitrary action on the part of the board. At the same time, the board can from an expert viewpoint grant a variance where a practical difficulty or unnecessary hardship results from carrying out the strict letter of the law.

In effect, what plaintiffs are attempting to accomplish in this suit is to substitute the court for the Board of Standards and Appeals as the tribunal to hear and determine issues which the Charter declared to be within the exclusive jurisdiction of the board in the first instance. The facts herein demonstrate the soundness and advisability of having the board determine initially whether there is a violation of the Zoning Resolution. What is more, had the plaintiffs appealed to the board, the defendants could have petitioned for a variance in the event of an adverse determination.

The procedure plaintiffs should have followed is that outlined in *Matter of Kaltenbach* v. *Board of Stds. & Appeals* (274 N. Y. 34) where a plaintiff, circumstanced as the plaintiffs herein,—

a property owner in the vicinity — applied to have permits for the erection of an office building and garage revoked on the ground that the erection would violate the Zoning Ordinance.

Confusion has arisen in the application of the rule of exhausting administrative remedies in zoning cases because of failure to distinguish the different types of relief sought. Thus, the cases cited by the majority to the effect that an action for an injunction is an appropriate remedy of an aggrieved property owner who seeks to bar the erection of a structure on adjoining or nearby premises in violation of the Zoning Ordinance have only a superficial relevance.

In *Marcus* v. *Village of Mamaroneck* (283 N. Y. 325) the Zoning Ordinance provided for the issuance of "certificates of compliance and occupancy" by the Building Inspector — where there was an alteration — stating that the building and premises complied with the provisions of the regulations. Alterations were made without getting a certificate of occupancy. This, the court held, was a violation of the Zoning Ordinance. Hence the case did not involve any question for an expert board but one of law dealing with compliance with the procedural aspects of the statute. That question could be determined by a court as well as by a board of standards and appeals. It was a matter of compliance with conditions precedent to making alterations and not the failure of the alterations to comply with the Zoning Ordinance.

*Rice* v. *Van Vranken* (132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541) is readily distinguishable. There the action was by plaintiffs who occupied residences adjacent to, and in the immediate vicinity of defendant's property, to enjoin defendant from erecting an apartment house. The theory of the action was that a Zoning Ordinance was violated which became effective after the issuance of a permit for the construction of the apartment house but before any work had been commenced on the building. It was clear that the building of the apartment house violated the later-enacted Zoning Ordinance. The real question was one of law — was the Ordinance retroactively effective to reach a proper permit theretofore granted?

In *Roock* v. *Womer* (233 App. Div. 566) — which at first blush looks like the instant case — plaintiffs, who owned houses nearby, sued to enjoin the building of a structure which did not comply with the "set-back" provisions of the Zoning Ordinance of the City of Syracuse. Defendant had obtained a permit. But as the court said (pp. 566–567): "The permit was not put in evidence, and we have no definite information as to whether or not it authorized a construction in violation of the ordinance.

Therefore, we infer that the claim of plaintiffs — as it reached the court at nonsuit time — was that the building had been constructed under an unlawful permit or in violation of both a valid permit and the ordinance.''

In the instant case no such assumptions can be made. The permit was lawful and the building was being constructed in accordance with the permit. Moreover, in *Roock* there is no indication that plaintiffs were aware of, and participated in the permit obtaining procedure so that they could be aggrieved parties to an appropriate appeal to a board.

In *Bailer* v. *Ringe* (255 App. Div. 976) the action was to enjoin the use of premises for a funeral chapel or undertaking business. There a city permit was denied to defendants. Since the permit had been refused, there was no administrative remedy plaintiff could exhaust, and an action was the sole remedy to pursue. So, too, in *Kaltenbach* v. *Benisch* (252 App. Div. 788) no permit had been issued or was involved. Moreover, the complaint contained, in addition, a cause of action for unfair competition.

Finally, *Daub* v. *Popkin* (9 Misc 2d 362, mod. 5 A D 2d 283, affd. 4 N Y 2d 1024) was an action by lessees of an apartment house to restrain an interference with their contract rights as lessees in the course of converting the building into a commercial use. In addition to a violation of a section of the Zoning Resolution, the lessees complained of a whole series of actions allegedly violating the tenants' rights to undisturbed possession. The permit did not violate the Zoning Resolution and hence no administrative remedy by appeal to the Board of Standards and Appeals would have changed that fact. But no permit, even if properly issued, could override or disregard the lessees' contract rights. Hence, relief could only be obtained from a court in the first instance.

The doctrine announced in *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh* (203 App. Div. 468, *supra*) as to the necessity for exhaustion of administrative remedies before applying to the courts for relief, is firmly rooted in our jurisprudence. Particularly when the issue tendered is one within the specialization of a body such as the Board of Standards and Appeals, and when the remedy afforded by such a board can provide relief in the same measure as a court, will the courts require exhaustion of the administrative remedy. (See 3 Davis, Administrative Law, § 20.01 *et seq.*; 1 Metzenbaum, Law of Zoning [2d ed.], ch. IX-e; Ann. 136 A. L. R. 1378–1398.)

Where the constitutionality of a zoning ordinance is challenged (*Baddour* v. *City of Long Beach*, 270 N. Y. 167, appeal

dismissed 308 U. S. 503); or the zoning ordinance is assailed as unreasonable and beyond the power of the city or village (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221), resort to the statutory remedy of appeal to the appropriate board of standards and appeals is unnecessary before seeking relief in the courts. Such suits present problems which do not require any specialized knowledge of zoning but involve questions usually passed upon by courts.

However, where, as herein, the questions are, among others, whether the height of a tower complies with the Zoning Resolution, whether it is to be considered as part of an existing structure or a separate structure, and whether the rear yard requirements of the resolution should be applied to the proposed structure, it becomes apparent that we have a classic example of the necessity for a review by experts rather than by a court.

Since plaintiffs did not pursue the remedy afforded them by appeal to the Board of Standards and Appeals, Special Term was correct in dismissing the complaint on a motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. However, based on the affidavits submitted, the dismissal of the complaint was also warranted under the motion made pursuant to rule 113.

I therefore dissent and would affirm the dismissal of the complaint.

BREITEL, J. P., and RABIN, J., concur with EAGER, J.; VALENTE, J., dissents and votes to affirm in opinion in which STEVENS, J., concurs.

Order, entered on September 7, 1960, granting defendants' motion for judgment on the pleadings, dismissing the complaint, and denying the plaintiffs' cross motion for summary judgment, modified, on the law and on the facts, with $20 costs and disbursements to the appellants, to delete the first and third ordering paragraphs and to provide that the defendants' motion is in all respects denied, with $10 costs.