OPINION OF THE COURT
Randy Sue Marber, J.
The order to show cause by the plaintiff, Axis Capital, Inc., seeking an order, pursuant to CPLR 6313, 6301 and 7101, (a) restraining and enjoining the defendants, JAINA Systems Network Inc., Mahendra Shah and Mayna Vipin Shah, their agents, servants, employees, and attorneys and any and all others acting on their behalf or in connection with them from removing, moving, transferring, destroying, damaging, selling, pledging, assigning, permitting to become subject to a security interest or lien, or otherwise disposing of or utilizing certain secured equipment owned by the plaintiff; (b) directing the sheriff of any county where the aforesaid described chattel is found to seize the same; and (c) directing that if the aforesaid described chattel is not delivered to the sheriff, he may break, open, enter and search for said chattel at 235 Hillside Avenue, suite B, Williston Park, New York 11596, 39 Capital Avenue, Williston Park, New York 11596 and 35 Smith Place, Williston Park, New York 11596, is determined as hereinafter provided.
The plaintiff submits the affidavit of Angie Jensen, the collections manager for Axis, dated April 17, 2015. In her affidavit, Ms. Jensen states that the equipment at issue is secured by a lease agreement, entered into on November 1, 2013, between Axis and JAINA and guaranteed by the defendants, Mahendra and Mayna. (See copy of agreement and personal guarantees annexed to order to show cause, exhibits A, B, C.) *352 Pursuant to the agreement, Axis agreed to lease telecommunications systems equipment to JAINA for the term of 60 months, at a rate of $4,097.68 per month. Ms. Jensen states that Mahendra and Mayna personally guaranteed all debts of JAINA to Axis. Ms. Jensen states that she believes JAINA is no longer an operating business and that it has vacated its office located at 235 Hillside Avenue, suite B, Williston Park, New York 11596.
Ms. Jensen states that JAINA defaulted under the agreement by failing to pay the required monthly installment due on February 1, 2015, leaving the remaining balance due and owing of $181,553.23, plus attorneys fees. She states that, pursuant to the agreement, upon default, the equipment must be delivered to Axis and Axis is entitled to immediately recover the equipment and receive the accelerated balance of all payments due under the agreement. Ms. Jensen states that the equipment has not been returned to Axis despite the demand for its return. She states that Axis’s interest in the equipment has been compromised by the continued utilization of the equipment by the defendants. She states that Axis is the owner of the equipment and has a perfected UCC security interest in the equipment.
Ms. Jensen states that the instant order to show cause was brought because it is believed that the equipment is in jeopardy of being abandoned or sold. Further, she states that it is unlikely that the equipment is insured as required under the agreement and the equipment depreciates every day. Thus, the plaintiff is at risk for irreparable injury.
In opposition, the defendants initially request that the court impose sanctions on the plaintiff and the plaintiffs counsel for multiple violations of 22 NYCRR 202.5 (e), which requires the redaction of Social Security numbers from any papers filed with the court. The defendants contend that the plaintiff filed six separate documents that contain Mahendra’s and Mayna’s names, addresses and Social Security numbers. Additionally, the defendants contend that in doing so the plaintiff’s counsel had to have made false representations in order to file the papers electronically.
The defendants contend that failing to redact Social Security numbers is a violation of General Business Law § 399-ddd. The defendants request that the court order the clerk of the court to redact all personal information that was improperly filed, order a hearing on the matter or refer the matter to the New *353 York State Attorney General’s Office for further consideration and impose a civil penalty of at least $5,000 and up to $250,000. The defendants further request that Axis and Ms. Jensen, in addition to the plaintiff’s attorneys, be sanctioned because the plaintiff provided the documents to its attorneys to be filed and Ms. Jensen made specific reference to the documents and stated that she knew they were being submitted to the court in support of the order to show cause.
As to the merits of the order to show cause, the defendants contend that Ms. Jensen, who is located in Nebraska, could not have personal knowledge of the operations of JAINA, located in Williston Park, New York. Further, the defendants’ counsel contends that Ms. Jensen’s affidavit was sworn to on April 17, 2015 and that he was in the offices of JAINA on Hillside Avenue on two occasions after April 17, 2015 and he can represent that the company was still operating and all equipment was still present.
The defendants contend that despite the plaintiff’s repeated assertion that a notice of default and acceleration of balance due were sent to the defendants, there are no documents provided to support that assertion. Further, the defendants contend that the plaintiff failed to submit a schedule of the equipment referred to in the agreement. The defendants argue that the best evidence rule would require the plaintiff to submit the schedule along with the agreement to support its claims. Finally, the defendants argue that since the plaintiff concedes that the equipment is subject to a UCC-1 filing, which is intended to advise the world of the plaintiff’s interest in the equipment, the equipment cannot be sold unless a UCC-3 is filed.
In reply, the plaintiff asserts that the defendants do not proffer any meaningful defense in their opposition. In response to the defendants’ assertion that the plaintiff did not submit proof that it sent a demand or notice of the default, the plaintiff refers to paragraph 18 of the agreement where it provides: *354 However, despite the fact that a demand or legal process is not required under the agreement, the plaintiff submits separate demand letters addressed to each defendant, dated March 4, 2015. (See copy of letters, dated Mar. 4, 2015, annexed to reply affirmation as exhibit A.)
*353 “upon the occurrence of an Event of Default, then, at Lessor’s option, and at any time, the ‘Accelerated Balance’, hereof shall be at once due and payable and/or Lessor may, without demand or legal process, terminate the Lease and enter upon the premises where the Equipment is located, take possession of and remove same” (see copy of agreement annexed to order to show cause, exhibit A).
*354 In response to the defendants’ argument that the plaintiff failed to submit a schedule of the equipment, the plaintiff argues that the description of the leased equipment was clearly stated in the order to show cause. Nevertheless, the plaintiff submits a schedule of the leased equipment. (See copy of schedule of equipment annexed to reply affirmation as exhibit B.)
The plaintiff argues that it is significant that in their opposition the defendants do not deny that the equipment was leased to them, that they received the equipment, that they continue to possess the equipment, that they have not made the required lease payments and that they have defaulted under the agreement.
In response to the defendants’ argument that the UCC-1 filing prevents the equipment from being sold, the plaintiff argues that the defendants have not stated that they will not sell or dispose of the equipment and without an immediate order of seizure the defendants can dispose of the equipment.
Finally, in response to the defendants’ request that the court impose sanctions, the plaintiff’s counsel states that the failure to omit Mahendra and Mayna’s Social Security numbers was inadvertent and there was no malicious intent. The plaintiff’s counsel contends that pursuant to 22 NYCRR 202.5 (e) (2), this court may direct the plaintiff to resubmit redacted copies of the documents or order the clerk to seal the papers or portions thereof. The plaintiff’s counsel states that they have no objection to the resubmission of redacted papers and/or partial or total sealing of the documents at issue. Further, the plaintiff’s counsel argues that the defendants have not claimed any harm, and as such, there is no basis for consideration of sanctions.
The court will first address the defendants’ request to impose sanctions on the plaintiff, the plaintiff’s counsel and Ms. Jensen. 22 NYCRR 202.5 (e) and General Business Law § 399-ddd contain provisions that prohibit the filing of papers, which include an individual’s Social Security number. The aforementioned statutes give the court the discretion to impose certain sanctions if it finds that there has been a violation of such provisions. However, the statute does not automatically impose sanctions upon a party or attorney for a violation. In fact, 22 *355 NYCRR 202.5 (e) (2), provides that “[t]he court sua sponte or on motion by any person may order a party to remove CPI from papers or to resubmit a paper with such information redacted.”
Guided by the foregoing, the court has thoughtfully reviewed the arguments posited by the respective parties herein, as well as the documents in question, which contain the Social Security numbers of the individual defendants. Upon said review and after careful consideration, this court, in its discretion, hereby declines to impose sanctions upon the plaintiff, the plaintiff’s counsel or Ms. Jensen. (22 NYCRR 130-1.1 [a].)
However, the court directs the plaintiff’s counsel to submit redacted copies of all e-filed papers containing confidential information. Upon submission of the redacted copies, along with a copy of this order, the e-file clerk shall remove all papers containing confidential information.
As to the merits of the plaintiff’s order to show cause, pursuant to CPLR 6313, a temporary restraining order may be granted pending a hearing for a preliminary injunction if it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before a hearing can be had.
Here, the plaintiff has failed to show that immediate and irreparable injury will result if the defendants are not restrained. Although Ms. Jensen states that “it is believed that JAINA is no longer an operating business and that it has vacated its offices located at 235 Hillside Avenue, Suite B, Williston Park, NY 11596,” she does not provide a basis for such belief, nor does the plaintiff provide any other evidence to support the assertion that JAINA is no longer operational.
As to the issue of irreparable injury, as a general proposition, a loss “which is compensable by money damages, does not constitute irreparable harm.” (EdCia Corp. v McCormack, 44 AD3d 991, 994 [2d Dept 2007].) However, “[o]ne of the tests of irreparability of injury is whether a litigant can obtain adequate compensation by invoking the legal damage remedy.” (Poling Transp. Corp. v A & P Tanker Corp., 84 AD2d 796, 797 [2d Dept 1981].) Further, the legal remedy which is available “must be as complete, practicable and efficient as the equitable one.” (Id.; see also Lesron Junior v Feinberg, 13 AD2d 90 [1st Dept 1961].)
*356 Here, it appears that the plaintiff’s alleged injury would be compensable by money damages and the plaintiff has not provided any evidence to show that it cannot invoke the legal damage remedy.
Accordingly, it is hereby ordered, that the order to show cause, brought by the plaintiff, seeking an order, pursuant to CPLR 6313, 6301 and 7101, (a) restraining and enjoining the defendants, JAINA Systems Network Inc., Mahendra Shah and Mayna Vipin Shah, their agents, servants, employees, and attorneys and any and all others acting on their behalf or in connection with them from removing, moving, transferring, destroying, damaging, selling, pledging, assigning, permitting to become subject to a security interest or lien, or otherwise disposing of or utilizing certain secured equipment owned by the plaintiff; (b) directing the sheriff of any county where the aforesaid described chattel is found to seize the same; and (c) directing that if the aforesaid described chattel is not delivered to the sheriff, he may break, open, enter and search for said chattel at 235 Hillside Avenue, suite B, Williston Park, New York 11596, 39 Capital Avenue, Williston Park, New York 11596 and 35 Smith Place, Williston Park, New York 11596, is denied.
All applications not specifically addressed herein are denied.